UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL CINTRON
_____

_____

Write the full name of each plaintiff.

18 CV 1619 (CM)

(Include case number if one has been assigned)

-against-

MELVIN MEJIA Shield#00301- MATTHEW CERNEY

Shield#6487- Micheal Dye Shield#2064

John DOE ID#892171

State of New York
_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

AMENDED
COMPLAINT
(Prisoner)

Do you want a jury trial?
☒ Yes   ☐ No

*USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-11-18*

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

RAFAEL                          CINTRON
_____
First Name          Middle Initial          Last Name

SIMONE                          ALLENDE
_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

NYSID#08107386P  DIN#15A0458  BC#8951701675   NYSID#123837590
_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

N.I.C 1500-Hazen Street East,Elmhurst NY 11370
_____
Current Place of Detention

    1500 Hazen Street
_____
Institutional Address

East Elmhurst              NY              11370
_____
County, City               State           Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☒  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| Melvin | MEJIA | 00301 |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| MATTHEW | CERNEY | 6486 |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| MICHEAL | DYE | 2064 |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| JOHN | DOE | ID#892171 |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Page 3

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 6/6/18 | Rafael Cintron |
|---|---|
| Dated | Plaintiff's Signature |
| Rafael | Cintron |
| First Name          Middle Initial | Last Name |

Prison Address
_____

County, City                    State                    Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____

## FACTS OF CASE

ON or about 8/15/13 at about 6:20am at Amsterdam ave apt 12J plaintiff was placed under arrest due to a warrant issued by Hon. Laura A.  Ward dated on 8/14/13 SEE: Exhibit (A) attached. HERE THE WARRANT authorized a search of a individual person as John Doe seller #1 this information was providied by a confidential informant who never identified plaintiff who allegedly made two controlled buys at the premises. ON 8/23/13 plaintiff was indicted on P.L. 220.16 (1) criminal possession of a controlled substance in the 3rd degree. ON 11/13/13 plaintiff was arraigned on charge Docket#2013/NY063471. ON 3/5/14 Mr Glenn Hardy (attorney) at the time submitted a copy of said warrant and V.D.F. ON 4/10/14 plaintiff submitted a Habeas Corpus Index#14400496 contesting the warrant and the accusatory instrument. THE HONORABLE Michael  D. Stallman granted the writ to be heard on 5/5/14 at 9:30am term part 1 at supreme court 100 centre street plaintiff was produced for court, but barred from being presented before said court for a hearing, two day later, I received via mail disposition that said writ was denied without an explination by the HON Larry R.C. Stephen. SEE: Exhibit (B) attached. ON 5/28/14 at approx 11:30am two detectives came to Manhattan detention center where plaintiff was previously detained on IND#3747/13 then placed plaintiff to NYCPD-5 to be rearrested on charges of conspiracy in the 2nd degree intent to perform a class A Felony P.L. 105.15 plaintiff was then refinger printed and rearrested again on possession of a forged instrument in the 2nd degree P.L. 170.25 ON 2/24/15 plaintiff was granted leave to appeal writ.

(1)

## FACTS ON PLEA BARGEIN

ON 10/23/14 Plaintiff was transferred from part 32 to part 72 in manhattan court under HON Robert Stolz, Here Glenn Hardy (attorney) misadvised me in regards of the plea arrangement for 6 years for three Indictments to run concurrent here the jugde was satisfied that the plea was knowingly and intelligently and that the record reflect that the only promise made to the plaintiff that he will receive concurrent time from Hon Mclaughlin in part 93. HERE THE COURT: then stated to the people to turn over the two additional indictments, THE PEOPLE: responed that they don't have it at this moment, THE COURT: then stated to the people to get the necessary indictments to the court clerk. HERE Plaintiff was adjourned to part 93 before jugde Mclaughlin where plaintiff declined the plea in regards of the plea promised by jugde Stolz. ON 11/19/14 plaintiff submitted a pro se motion to withdraw plea and asserted that his plea was not knowingly and was coerced because of lacked of full disclosure with the circumstances involved, and was unaware a meritorious defense. Plaintiff here states that all the indictments were related to the warrant pursuant to CPL 40.10 CPL 1.20 (16) & (17). ON 1/21/15 mr Hardy reclused himself from the case plaintiff was assigned new counsel before jugde Stolz, THE COURT: stated it was prepared to sentence plaintiff with the understanding the the cases before jugde Mclaughlin were still out there and that there no basis to withdraw the plea. Plaintiff was then sentence to Downstate Correctional Facility for IND#3747/13  ON 4/7/15 an order to produces was sent  to Bearhill Correctional Facilty for IND#2338/14 and IND#2313/14 where on 4/13/14 the ADA filed a recommedation dismissing IND#2313/14 THE COURT: then moved to IND#2338/14 Plaintiff submitted his pro se motion CPL 30.30 the COURT: then granted for it to be heard and order the people to responed to it in two weeks.

ON 5/5/15 plaintiff appeared before jugde Mclaughlin for the CPL 30.30
motion was denied with no explaination, THE COURT: THEN offer plaintiff
a Bench trial to resolve the case and granting plaintiff that he would
be convicted of a misdemeaner. THE COURT:then sentence plaintiff to time
server.


## FACTS ON APPEALING CONVICTION

ON 8/24/15 plaintiff recived a letter from the Appellate Defender (O.A.D.)
to represent me on appeal for IND#2338/14 and that the first Dept assigned
O.A.D. that the intake unit team had question IND#3747/13 and why was no
appeal was sent in for that conviction?
plaintiff wrote in respone to the letter and insure the appellated defenders
that, I indeed place an appeal for IND#3747/13 SEE: Exhibit (G) attached
ON 11/21/17 THE decision and order of the Supreme Court of The Appellate
Division First Dept unanimously reversed on IND#3747/13 and IND#2338/14
on the law plea vacted and matter remanded and also rendering 5/5/15
conviction after a nonjury trial the matter remanded on the proceeding
was held in abeyance on plaintiff speedy trial motion SEE Exhibit (D)
attached. ON 1/10/18 plaintiff was discharged from the state and then
sent to be heard before HON Carro on both indictments cases. ON 1/24/18
plaintiff meet with Appellate Lawyer Sam J. Mendez who stated to me
that he would be only repersenting me on IND#2338/14 and also stated
that IND#3747/13 was then for a trail lawyer to be repersent on that matter
I hereby stated to Mr MENDEZ that both Lawyer sould come together to
preserve my rights in pursuant to CPL 200.20 (2) (a) and CPL 40.40
and said cases are before HON Carro (part 32)  and that IND#2338/14
CPL 30.30 (4) also that IND#3747/13 is also presever in said motin
his responed was that the D.A. office will not conslidate the Indictments.

(3)

ON 3/27/18 plaintiff filed a complaint to the Grievance committee at
61 B'way NY NYC 10006 in regards to Samuel J. Mendez Esq. HERE
Docket#2018/0353 in said complaint, of not preseving issue at Hand.
ON 4/4/18 IND#2338/14 was dismissed.


                         FALSE ARREST

ON or about 8/15/13 at about 6:20am Det Melvin Mejia entered the premises
of 1420 Amsterdam ave auspicions of an anonymous tip, said premises where
plaintiff lodged as an overnight guest, was disturbed by the raid from
who plaintiff overheard was a anonymous tip spoken to Det Matthew Cerney
and Det Dye's there topic of their non warranted entry was "we are looking
for Guns" interim of their search they destroyed private property, the
owner of the premises requested to see the warrant (Simone Allende)
but was only handcuffed with the rest of the occupants incuding myself
who was identified as John Doe.  PLEASE TAKE NOTICE: THAT a two year old
with autism was stirred awake from the shock of the raid, and when he
fell down crying for his mother (Simone Allende) as well was hand-cuff
we then pleaded to the officers not to shot! All that they raided the
premises for was not found on plaintiff or said room  but was stated
that drugs were found 12 stories down from the apartment window, on
the outskirt of said building veiwed by Det Matthew and Det Dye"s
This was mysteriously was pinned on plaintiff.


                         (4)

HERE Exhibit A <u>Search Warrant</u>  SEE page 2 paragraph (H) which says in excerpt: " you are therefore commanded, between 6:00am and 9:00pm to enter without given notice of authority and purpose, and to search the target's premises and the person of JD seller #1 (described as a male hispanic with light skin and a bald head standing approximately 5 feet 8 inches tall) if present therein, for the above described propery, and if you find such property or any part thereof to bring it before <u>THE COURT</u> <u>without unnecessary delay</u>.....

AS seen from the above excerpt: Det Melvin Mejia, and Det Michael Dye, also Matthew Cerney, was given specific orders to fulfill, but at too much of their very own discretion they ended up failing to fulfill their duty, so my claim of false arrest begins with Det Melvin Mejia failing to present me before the proper venue issuing the warrant, as he signed the affidavit in support of said warrant the day before, who then by passed HON justice Laura A Ward and who then resubmitted felony complaint, coerced by ADA Atalanta Mihas. HERE the first unknow felony complaint evidentially fulfilling the said warrant SEE Exhibit (A) AFFIDAVIT OF SEARCH WARRANT page #3 that Det Matthew and Det Dye who is said to have given the C.I. a sum of U.S. marked currency where no marked money was recovered in any complaint whereas the original felony complaint that the initial said charges of P.L. 220.39 (1) P.L. 220.06 (2) and P.L. 215.40 (2) were vacated by District attorney's office to superimpose the charge of P.L. 220.16 (1) in a resubmitted felnoy complaint at 6:24pm on arrest date of 8/15/13 was untimely to find probable cause under the 4 amendment.

(5)

## Malicious Prosecution

The District Attorney's office failed to produce Plaintiff before the warrant issuing judge Hon Laura A. Ward . Here plaintiff and co defendant was arraigne on criminal possession of a controlled substance in the 3rd degree PL 220.16 at 9:30pm plaintiff was arraigned in criminal court before anther judge who allowed prosecution to file an erroneous charge of controlled substance possession whereas the original arrest charges were of a different nature as follows: PL 220.39 (1) PL220.06 (2) and Tampering with physical evidence PL 215.40 (2) here the arrest type was said to be unknown  SEE Exhibit (E) attached(Rap sheet) due to departmental non-identification plaintiff was designated as John Doe.  ON 8/20/13 the district attorney chose not to arraign plaintiff on the said original report  PL 220.39 PL 220.06 and PL 215.40, but maliciously chose to have the arresting officers resubmit a new felony complaint reflecting only one of the multiplicitous erroneous charges PL 220.16 (1) which totally by passed any hearing on any existing warrant showing a very untimely manner of executing any existing warrant! whereas the Law provides that the factual part of the accusatory instrument is deemed defective, moreover the period marks that permitted duration of the proceeding in which the warrant is issued, there is no provision which authorizes another jugde to extend its life or to revive it (warrant) here the case was resubmitted to HON Gregory Carro on 9/25/13 and later arraigned 11/15/13 showing untimely manner to execution of the warrant the timely relation between fact alleged and issuance of the warrant may be issued of "FACTS" so closely related to the time to justify a finding of probable cause, whether the proof meet this test must be determined by the circumstances of each case. The proceeding of the warrant is a drastic one its abuse led to the adoption of the fourth amendment.

Where this together with legislation regislation, the process should be liberally construed in favor of the petitioner.

PLEASE TAKE NOTICE: ON 10/4/14 plaintiff filed a Habeas Corpus with the state of New York contesting the fictitious warrant which was overly broud and erroneous. SEE Exhibit (A) <u>AFFIDAVIT IN SUPPORT OF SEACH WARRANT</u> page #1 paragraph (2) which indictes multiple charges, SEE also page 4-5 paragraph (10) section (B) asking that the crime indentity theft unit intervene in the investigation.

PLEASE TAKE NOTICE: THAT ON 5/5/14 after the habeas Corpus was denied, the prosecutors office saw fit timing to rearrest plaintiff on said charges contested in said wirt for purposes of a sheer "Malicious Prosecution" ON 1/21/15 before HON Stolz part 72 plaintiff contested the warrant stating "I dont understand the multipe chages on said warrant but was only chaged with P.L. 220.16 (1) SEE Exhibit (F) The minutes on page 4 The people stated: "that indeed it was a search warrant case where narcotics were recovered and that this case is separate case in front of judge Mclaughlin in part 93 THE PEOPLE THEN STATED: that indeed it is in the same "period" and time as the <u>search warrant</u> "but nothing to do with it" here Ms Mahias: stated that the other cases in front of judge Mclaughlin and that the officers are entirely differant, HERE THE AFFIDAVIT OF THE WARRANT: clearly shows on page 4-5 paragraph (10) section (B) that the crime identity theft unit to intervene in said investigation HERE it just so happen that the plaintiff was indicted for possession of a forged instrument in the 2nd degree P.L. 170.25

HERE there were two officers, ON may 28, 2014 who were very belligerent telling plaintiff if he did'nt shut up there was going to punch him in his mouth and accusing plaintiff of forging checks in the amount of 2000 dollers from J.P. Morgan Chase Bank. ON 4/16/15 the charges were dismissed in favor of the plaintiff.

HERE on the same day they rearrested for two charges John Doe#1 and #2

John Doe #1 has a ID# 892171 that is place in plaintiff(rapsheet) HE

PLAINTIFF F.O.I.L. requst to one police plaza in april of 2015

LBF# 2015-pl-4915   there was no responed in regrads of the officer names

who rearrested me for IND#2338/14 and IND# 2313/14.


## MALICIOUS PROSECUTION/HOUSING

ON 8/15/13 at approx 6:20am Det Melvin Mejia, entered the premises of 1420

Amsterdam ave under the auspicions of an anonymous tip of Guns present on

premises, the owner requested to see the warrant (case was under surveilance)

recorded on camera by the officer, where all parties was forcefully handcuffe

HERE plaintiff sister (Simone Allende) was falsely arrested and was later

released on her own recognizance untill the case was dismissed on 12/2/13

Docket# 2013/NY063472 for charges P.L. 220.16 (1).

HERE: The district attorney's office maliciously contacted the NYC Housing

Authority on 12/31/13 in regards of her property ownership in violation

of property ownership in violation of the LAW for N.Y. real property action

and proceeding Law 715 and 711 (5) and N.Y. real property law 231 (1) thus

apt#12J 1420 Amsterdam ave fell under attack and the lease was forced to

sign a waiver under durress,threat and coercion even while continued paying

four month rent after said dismissal of her case.


PLAESE TAKE NOTE: THAT 1) THE defamatory nature of the case, even after

dismissal, is the cause of said eviction notice.

2) THE adhesive nature of the contract, via the forced waiver signing is

inadmissable and is by Law Null and void thus reversible in any legal forum.


(8)

## UNTIMELY FASHION

ON 4/20/18 chief judge collen Mcmahon, issued the order to amend on behalf of showing that equitable tolling applies, of which plaintiff testifies that he has been dilligently pursuing his rights from the moment he filed his Habeas Corpus with the state, but due to my suffering of my disabillity of imprisonment being rearrested of which plaintiff continue to labor, and the suffering of related Judicial proceeding since the reversal of judgement on 11/21/17 whereas the malicious prosecution of the defendants has prevented plaintiff from begining any proper action in a timely fashion.

I HEREBY ASK THE COURT TO AMEND MY COMPLAINT   under limitation of action §220-equitable tolling.

WHERE, I HEREBY MAKE: The crux of my untimely fashion claim in regard to the facts that, I have recently understood: THAT here the plaintiff was arrested by an F.B.I. agent Melvin Mejia FBI#36788AB8 who was the leading arresting officer of said case.

1) I am not the culprit

2) insufficient evidence was found

3) The issued warrant was unfulfilled by the said FBI agency

4) This resulted in the state taking this case from said FBI Jurisdiction, due to the resubmission of an amended felony complaint lacking the initial capital offenses.

(9)

5) The warrant issuing Judge reclused herself from the said case after the arrest because she was aware she lacked proper subject matter Jurisdiction.

HENCE: I Rafael Cintron do lawfully object to the Jurisdiction for lack of subject matter Jurisdiction, for this was not a state investigation but indeed a federal investigation by Melvin Mejia shield# 00-0301 defendant should not be credible on his oath of office of his alleged findings in this malicious prosecution of lawlessness into gross criminal negligence and conspiracy on the part of the state lacking subject matter Jurisdiction.

## Relief for injuries

### Economic damages

1) I Rafael Cintron, suffered e.d. due to this malicious prosecution
as I was an attendee at vesid vocational training and job placement
for mentally, physically and emotionally disabled people at the time
I was taking my GED and culinary arts, this defamation from  said
malicious prosecution has set me back for some time from obtaining
a meaningful goal in life. whereas the stress of the prosecution has
somewhat nullified the dream as, I have lost so much(loss of$240,000)

### NON Economic damages

2) Because of this malicious prosecution derived from a false arrest
taking place in my sisters residence such defamation has caused my
entire family to reject me due to her subsequent loss of said residence.
A) as well, I have suffered similiar rejection from my religious
fellowship, as, I am a baptised member of the church of Haile salassie I
which as  well, I have and will continue tosuffer similiar rejection
from the said community of my sisters residence, of which my family
has occupied for over 26 years. I must live in a shame, as I am
treated as a threat to said communiity.
B) also, because of IND# 2338/14 whereas the charge of conspiracy saw
eight men indicment of which 7 were gangmembers of whom has caused
me undue influence during my imprisonment with other of the same gang!
THERE is documentation attesting to multiple physical altercation!

C)   Also, because of IND# 2338/14 whereas the charge of conspiracy saw of many co-defendant who where gangmembers of whom has caused me undue influence during my imprisonment with others of the same gang! There is documentation attesting to multiple physical altercation.

D) Also similiar pain and suffering derive from IND#2313/14 due to defamation caused by the false accusation of forging checks in the amount of $2,000 dollars from chase bank, which prejudices me from ever doing business with them in the future, and may interfere with similiar bank business ventures.

E) The loss of family members during the diligent pursuit of my right has left me distraught and alone, (we all can identify).

F) upon my future release, I will be thus homeless, penniless, defamed and to live in shame forever.

G) similiarly the stress has brought undue harm to my quality of life to the point that, I suffered a heart attack that has left me continuously scarred in regards of my heart and epigastric pain.

H) I also suffered food poisoning hypertension, high blood pressure, sleep apnea, high cholesterol, thumb injury, back pains mental and emotional distress.

I) PLEASE TAKE NOTICE: The defamation complained of derive mostly from such false arrest making the newspaper which my caused me to live in shame and also change my identity and state.

(12)

## PUNITIVE DAMAGES

1) The prosecution was brought with out probable cause, as the arresting officers lacked a valid warrant for my arrest.

2) The true purpose of said prosecution was infact to embarrass, harass, and harm me as when the prosecution and officers found that the investigation was incomplete the U.S. violations were changed to state violation in a revised and resubmitted felony complaint.

3) Two indictments are dismissed.

4) The FBI officer is being suied for said malicious prosecution!


                Thus for all the above reasons I Rafael Cintron,
                am seeking damages in the amount of 4,000,000 million dollers

(13)

SEARCH WARRANT  EXHIBIT (A) Sees pages
(3) and (7) of the
Affidivat in Suppot OF
SEARCH WARRANT...

Supreme
~~CRIMINAL~~ COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER OF THE CITY OF NEW YORK

    Proof by affidavit having been made this day before me by Detective Melvin Mejia, shield #301 of the Narcotics Borough Manhattan North of the New York City Police Department, that there is reasonable cause to believe that certain property, to wit:

    a.  crack/cocaine and any and all items that are capable of holding, containing, packaging and/or dispensing crack/cocaine, including, but not limited to, bottles, jars, cans, vials, capsules, clear plastic bags, paper bags, glassine envelopes, paper envelopes, plastic wrap and foils;

    b.  any and all paraphernalia used to unlawfully mix, compound, prepare, manufacture, package, dispense and/or sell crack/cocaine, including, but not limited to, diluents, dilutants, adulterants, precursors of a controlled substance, chemical reagents, solvents, laboratory equipment, scales and balances, mortars and pestles, strainers, presses, plates, bowls, cookware and utensils;

    c.  currency and other evidence of proceeds from the possession, preparation, manufacturing, dispensing, distribution and/or sale of crack/cocaine, including, but not limited to, financial documents and/or records, whether handwritten, typed or computer generated, tending to demonstrate cash transactions or financial transfers derived from the possession of currency, money orders, bank receipts, stocks, bonds, bills and receipts for goods and services, and other documents and/or records, whether handwritten, typed or computer generated, relating to real estate holdings, title or registration to motor vehicles and other tangible property, safety deposit boxes and other financial receipts and records;

    d.  any and all writings, whether handwritten, typed or computer generated, evidencing the possession, preparation, manufacturing, packaging, dispensing, distribution and/or sale of crack/cocaine, including, but not limited to, notebooks, ledgers, pads, pieces of paper, and prescriptions;

    e.  any and all images, photographs, and/or videotapes evidencing the possession, preparation, manufacturing, packaging, dispensing, distribution and/or sale of crack/cocaine;

    f.  evidence of ownership and use of the 1420 Amsterdam Avenue, Apartment 12J, New York, New York ("the target premises") or the use of property located therein by any person, including, but not limited to keys, telephone bills, utility bills, bank statements, leases, deeds, or rent receipts related to the target premises or other real property, mail addressed to or from the target premises or other documents bearing the address of the target premises, identification bearing the name or photograph of any person, telephone books, address books, date books, calendars, personal papers, drivers licenses, vehicle registration, vehicle insurance documents, vehicle repair documents, tooth and hair brushes, videotapes and photographs of persons, fingerprints, handprints, footprints, shoe impressions, hairs and fibers, swabs and/or samples of DNA and other forensic and trace evidence;

g.   any and all cellular telephones, cameras, video-recorders, video game consoles, and other electronic devices and/or equipment capable of storing data, information and images, and their components and accessories, including, but not limited to, wires, cords, monitors, software, hard drives and chargers;

h.   any and all books, manuals, guides or other documents containing information about the operation and ownership of a computer, cellular telephone, camera, video recorder, video game console or other electronic storage device present in the target location, including, but not limited to, computer, cellular telephone and software user manuals;

may be found in 1420 Amsterdam Avenue, Apartment 12J, New York, New York ("the target premises"); and on the person of JD Seller #1 (described as a male Hispanic with light skin and a bald head, standing approximately 5 feet and 8 inches tall), if present therein; and that said property constitutes evidence or tends to demonstrate that an offense was committed, or that a particular person participated in the commission of said offense; and that there are grounds for entry without giving prior notice of authority and purpose; and that there are grounds for entry at any time of the day or night;

YOU ARE THEREFORE COMMANDED, between 6:00 a.m. and 9:00 p.m., to enter without giving notice of authority and purpose, and to search the target premises, and the person of JD Seller #1 (described as a male Hispanic with light skin and a bald head, standing approximately 5 feet and 8 inches tall), if present therein, for the above described property, and if you find such property or any part thereof to bring it before the Court without unnecessary delay.

FURTHER, this Court authorizes law enforcement personnel to videotape and photograph the interior of the target premises, to process the target premises for fingerprints and to analyze, test, and in any way scientifically process the target premises and all items seized

FURTHER, this Court authorizes the seizure of computers, cellular telephones, and/or other electronic storage devices, cellular telephones, as described above, for the purpose of conducting an off-site search for the evidence described, and authorizes that the above-described data, information, and images, may be retrieved and printed or otherwise reproduced by converting or copying the data, information and images into storage in another device;

FURTHER, with respect to the seizure and search of ~~computers~~, cellular telephones, ~~cameras, video-recorders, video game consoles~~ and other ~~electronic devices~~ and/or ~~equipment~~ capable of storing property sought by this warrant, this Court authorizes the search of these devices for said property and for:

a.   any and all data, information, or images evidencing internet usage history for the time period from ▓▓▓▓▓▓▓▓▓, through ▓▓▓▓▓▓▓▓;

b.   any and all data, information, or images which evidence ownership and use of the device, including, but not limited to, calendar entries, email account addresses, stored telephone numbers and names, nicknames and/or labels assigned to said numbers, photographs, videos, bank account documents, bills and invoices, recorded voice memos, text messages, instant messenger messages and letters and voice mails stored on any seized device;

c.   any and all data, information, or images evidencing passwords which may be used to unlock or decrypt data, information or images stored on the device, which may or may not be stored in a locked or encrypted fashion, whether said passwords are letters,

TB 30                    Fax:                    Mar  4 2013 06:12pm P011/012

numbers, characters, words, or data strings(sequence of characters);

    d.   any and all data, information, or images evidencing or revealing the unauthorized use of the device by a person other than an owner or authorized user, through the use of viruses, Trojan horses or other malicious software or infiltration methods;

    FURTHER, this Court authorizes that, with respect to any computers, cellular telephones, and other electronic storage devices, as described above, for purposes of the requirement that a search warrant be executed within ten days as mandated by C.P.L. Section 690.30(1), this warrant will be deemed executed at the time that said devices are seized and removed from the target premises, and that the search of said devices may continue thereafter for whatever reasonable time is necessary to complete a thorough search pursuant to the warrant;

    FURTHER, this Court authorizes a search of all files and data stored in computers, cellular telephones, and other electronic storage devices, as described above, irrespective of how the data is filed, labeled, designated, encrypted, hidden, disguised or otherwise stored;

    FURTHER, this Court authorizes forensic computer analysts assigned to the New York County District Attorney's Office Cyber Crime and Identity Theft Unit and/or the New York City Police Department Computer Crimes Squad to assist, as deemed necessary by law enforcement officials, in accessing, downloading, retrieving, printing, copying and otherwise seizing data, information and images from computers, cellular telephones and other seized electronic storage devices as described above.

    IT IS FURTHER ORDERED that the affidavit and any transcript of any accompanying sworn testimony in support of the application for this warrant is sealed, except that a copy of any such sworn testimony may be obtained by an assistant district attorney in the New York County District Attorney's Office and the affidavit or any such sworn testimony may be disclosed by an assistant district attorney in the New York County District Attorney's Office in the course of the lawful discharge of his or her duties pursuant to a criminal investigation and/or prosecution, or upon written order of the Court.

    This warrant must be executed within 10 days of the date of issuance, except with regard to cellular telephones and other electronic storage devices as described above.


                          _Laura A Ward_
                   Judge of the ~~Criminal~~ Court
                        Supreme

Dated: New York, New York
                          HON. LAURA WARD
          PT. 71  AUG 1 4 2013

1386

*Proposed Redactions*

SUPREME
~~CRIMINAL~~ COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN THE MATTER OF AN APPLICATION FOR A

WARRANT TO SEARCH

1420 AMSTERDAM AVENUE, APARTMENT 12J, NEW YORK,

NEW YORK ("THE TARGET PREMISES")

## AFFIDAVIT IN SUPPORT OF
## SEARCH WARRANT

    Detective Melvin Mejia, Shield #301, of the Narcotics Borough Manhattan North of the New York City Police Department ("NYPD"), being duly sworn, deposes and says:

    1.    I have been a member of the NYPD for one hundred, and as such I am a public servant of the kind specified in CPL 690.05(1). I have been in the NYPD for 13 years, and I have been assigned to narcotics investigations for 3 years. I have made over 100 narcotic-related arrests and executed over 50 narcotic-related search warrants.

    2.    This affidavit is submitted in support of an application for a warrant to search 1420 Amsterdam Avenue, Apartment 12J, New York, New York ("the target premises"), and the person of JD Seller #1 (described as a Hispanic male with light skin and a bald head, standing approximately 5 feet and 8 inches tall), if present therein, where there is reasonable cause to believe that evidence of the sale and possession of crack/cocaine, and conspiracy to commit those crimes, will be found, including but not limited to:

    a.  crack/cocaine and any and all items that are capable of holding, containing, packaging and/or dispensing crack/cocaine, including, but not limited to, bottles, jars, cans, vials, capsules, clear plastic bags, paper bags, glassine envelopes, paper envelopes, plastic wrap and foils;

    b.  any and all paraphernalia used to unlawfully mix, compound, prepare, manufacture, package, dispense and/or sell crack/cocaine, including, but not limited to, diluents, dilutants, adulterants, precursors of a controlled substance, chemical reagents, solvents, laboratory equipment, scales and balances, mortars and pestles, strainers, presses, plates, bowls, cookware and utensils;

    c.  currency and other evidence of proceeds from the possession, preparation, manufacturing, dispensing, distribution and/or sale of crack/cocaine, including, but not limited to, financial documents and/or records, whether handwritten, typed or computer generated, tending to demonstrate cash transactions or financial transfers derived from the possession of currency, money orders, bank receipts, stocks, bonds, bills and receipts for

goods and services, and other documents and/or records, whether handwritten, typed or computer generated, relating to real estate holdings, title or registration to motor vehicles and other tangible property, safety deposit boxes and other financial receipts and records;

d.  any and all writings, whether handwritten, typed or computer generated, evidencing the possession, preparation, manufacturing, packaging, dispensing, distribution and/or sale of crack/cocaine, including, but not limited to, notebooks, ledgers, pads, pieces of paper, and prescriptions;

e.  any and all images, photographs, and/or videotapes evidencing the possession, preparation, manufacturing, packaging, dispensing, distribution and/or sale of crack/cocaine;

f.  evidence of ownership and use of the target premises or the use of property located therein by any person, including, but not limited to, keys, telephone bills, utility bills, bank statements, leases, deeds, or rent receipts related to the target premises or other real property, mail addressed to or from the target premises or other documents bearing the address of the target premises, identification bearing the name or photograph of any person, telephone books, address books, date books, calendars, personal papers, drivers licenses, vehicle registration, vehicle insurance documents, vehicle repair documents, tooth and hair brushes, videotapes and photographs of persons, fingerprints, handprints, footprints, shoe impressions, hairs and fibers, swabs and/or samples of DNA and other forensic and trace evidence;

g.  any and all cellular telephones, cameras, video-recorders, video game consoles and other electronic devices and/or equipment capable of storing data, information and images, and their components and accessories, including, but not limited to, wires, cords, monitors, software, hard drives and chargers;

h.  any and all books, manuals, guides or other documents containing information about the operation and ownership of a computer, cellular telephone, camera, video recorder, video game console or other electronic storage device present in the target location, including, but not limited to, computer, cellular telephone and software user manuals;

3.      With respect to the seizure and search of computers, electronic storage devices, cellular telephones, cameras, video recorders, video game consoles and other electronic devices and/or equipment capable of storing the above described property in addition to searching for the items described above in Paragraph 2, that authorization be granted to search these devices for:

a.  any and all data, information, or images evidencing internet usage history for the time period from ███████████████, through ████████████████;

b.  any and all data, information, or images which evidence ownership and use of the device, including, but not limited to, calendar entries, email account addresses, stored telephone numbers and names, nicknames, and/or labels assigned to said numbers, photographs, videos, bank account documents, bills and invoices, recorded voice memos, text messages, instant messenger messages and letters and voice mails stored on any seized device;

c.  any and all data, information, or images evidencing passwords which may be used to unlock or decrypt data, information or images stored on the device, which may or may not

1386

be stored in a locked or encrypted fashion, whether said passwords are letters, numbers, characters, words, or data strings(sequence of characters);

d.  any and all data, information, or images evidencing or revealing the unauthorized use of the device by a person other than an owner or authorized user, through the use of viruses, Trojan horses or other malicious software or infiltration methods;

4.      It is also requested for evidentiary purposes that this Court grant authorization for law enforcement personnel to videotape and photograph the interior of the target premises, to process the target premises for fingerprints and to analyze, test, and in any way scientifically process the target premises and all items seized.

5.      With respect to the stored electronic data, information and images contained in computers and other electronic devices described above and/or their components and accessories, it is also requested that this Court grant permission to retrieve the above-described data, information, and images, and print them or otherwise reproduce them by converting them or copying them into storage in another device.

6.      As set forth below, there is reasonable cause to believe that the above described property is located in the target premises; moreover, as set forth below, there is reasonable cause to believe that this property constitutes evidence or tends to demonstrate that an offense was committed, or that a particular person participated in the commission of said offense.

7.      Over approximately the last two weeks, I have been participating in an investigation being conducted by the Narcotics Borough Manhattan North ("the investigation"). Based on evidence derived from the investigation, and set forth in more detail below, there is probable cause to believe that crack/cocaine is being sold and possessed in the target premises. As indicated below, the investigation involved, among other things, the utilization of a confidential informant ("CI") and surveillance of the target premises.

8.      I have spoken to a confidential informant ("CI") who is registered with the NYPD under CI number, ~~who tells me~~ that drugs are being sold and possessed in the target premises.

a.  The CI, whose identity is known to me, is available for the Court's examination. I request that the Court examine the CI under oath to determine the CI's reliability and that the examination be incorporated as part of this affidavit and sealed pending further order.

b.  The CI is a former user of narcotic drugs, specifically cocaine. The CI, therefore, has experience in the possession, purchase and sale of these substances, recognizes crack/cocaine by its appearance and also recognizes the paraphernalia commonly used to manufacture and package narcotic drugs.

c.  On ~~[redacted]~~ the CI purchased crack/cocaine in a controlled buy. I am informed by Detective Matthew Cerney of Narcotics Borough Manhattan North that he searched the CI for contraband and U.S. currency with negative results. Detective Cerney informs me that ~~[redacted]~~ ~~[redacted]~~. Detective Dye then gave the CI a sum of U.S. currency, observed the CI walk into the target building, knock on the door of Apartment 12J, and speak with an Hispanic male.

d.  I am informed by Detective Cerney of Narcotics Borough Manhattan North that afterwards he met with the CI at a pre-determined location where the CI was searched again with

negative results and gave Detective Cerney ███████████████ bags containing a white, rocky substance. The CI then told Detective Cerney what happened.

e.   The CI went to the 12ᵗʰ floor of 1420 Amsterdam Avenue and the CI knocked on the door to Apartment 12J. JD Seller #1 (described as a male Hispanic with light skin and a bald head, standing approximately 5 feet and 8 inches tall) answered the door. The CI gave JD Seller #1 ██ and JD Seller #1 gave the CI ██████████ bags containing a white, rocky substance.

f.   In accordance with standard police procedure, the substances purchased by the CI were vouchered under Invoice Number ██████████ and were field tested by me. I performed the Cocaine Salts and Base Reagent Test, which has an accuracy of 99.95%, if performed correctly, and the field test indicated that the substances tested contained cocaine.

g.   On ██████████ the CI purchased crack/cocaine in a second controlled buy. The CI was searched for contraband and United States currency with negative results. I then gave the CI a sum of money and observed the CI walk to the target building. I observed the CI go to the 12ᵗʰ floor, stand by the door to Apartment 12J and speak with an Hispanic male. I then met up with the CI at a pre-determined location where the CI was searched again with negative results and the CI gave me ██████████ bags containing a white, rocky substance.

h.   The CI told me that while the CI was in the elevator going to the 12ᵗʰ floor, ██████████ ██████████████████████████ The CI then went to Apartment 12J where the CI knocked on the door. After speaking with JD Seller #1, the CI gave JD Seller #1 ██ and JD Seller #1 gave the CI ██████████ containing a white, rocky substance.

i.   In accordance with standard police procedure, the substances purchased by the CI were vouchered under Invoice Number ██████████ and were field tested by me. I performed the Cocaine Salts and Base Reagent Test, which has an accuracy of 99.95%, if performed correctly, and the field test indicated that the substances tested contained cocaine.

9.   On ██████████ I entered the building in which the target premises is located. 1420 Amsterdam Avenue is a building within the Manhattanville projects. It is located off 131ˢᵗ Street between Old Broadway and Amsterdam Avenue. It is a 20 story brick building. In order to get to Apartment 12J, I took the elevator in the lobby to the 12ᵗʰ floor. Once on the 12ᵗʰ floor, I made a right and the target door is all the way down the hall on the left. It is clearly marked 12J below the peephole.

10.   As indicated above, I am seeking to seize and remove from the target premises any computers as defined in Penal Law Section 156.00(1), as well as cellular telephones, cameras, video-recorders, video console games and other electronic devices capable of storing data, information and images.

a) Based on my training and experience in investigating narcotics offenses, I am aware that individuals who possess, prepare, manufacture, and sell narcotics frequently use electronic storage devices including, but not limited to, computers and cellular phones, as instrumentalities of these crimes. In this case, such use was evident in that ██████████████████████████ ██████████ Because such devices are readily capable of storing data, information and images, including but not limited to, writings that evidence possession, preparation, manufacture and sale of narcotics, as well as images of buyers, suppliers, co-conspirators, narcotics locations and narcotic substances, is it reasonable to believe that any such devices located in the target premises are instrumentalities and evidence of the crimes under investigation, and may contain evidence of the crime under

4

investigation and sought by this warrant application. Neither I, nor my fellow officers assigned to my unit, have the training and expertise in forensic computer analysis to conduct a thorough and complete forensic search of computers, cellular telephones and/or other electronic storage devices located in the target premises. I am therefore requesting that the Court authorize the New York County District Attorney's Office Cyber Crime and Identity Theft Unit and/or the New York City Police Department Computer Crimes Squad to assist me in accessing, downloading, retrieving, printing, copying or otherwise seizing the computerized and electronic evidence described above from any devices seized in the target location.

b) Based on my training and experience, I am also aware that searching and seizing information from computers, cellular telephones and other electronic storage devices often requires searching officers to seize the devices (along with related equipment such as cords, monitors, software and manuals) to be searched later by a qualified computer expert in a laboratory or other controlled environment. I am also aware that it can take weeks or months to conduct a thorough and complete search of such a device, depending on the volume of data stored. It would, therefore, be impractical to attempt this kind of a search of a computer, cellular telephone or other electronic storage device on-site. As indicated above, because any such devices located in the target premises are likely instrumentalities and evidence of the crimes under investigation, and may likely contain evidence of such crimes, I am seeking authorization to seize any such devices and remove them from the location for the purpose of conducting a thorough and complete off-site search by members of the New York County District Attorney's Office Cyber Crime and Identity Theft Unit and/or the New York City Police Department Computer Crimes Squad.

11.    Because the property sought may be easily and quickly destroyed or disposed of, and because giving notice may endanger the lives and safety of the executing officers and others, I request permission to enter the target premises without giving prior notice of authority and purpose. The reasons for my belief are as follows: the type and amount of drugs sought, to wit cocaine; the targets of the search warrant are reasonably likely to be present at the time of the execution of search warrant; the dangers inherent in the drug trade.

WHEREFORE, deponent respectfully requests that the court issue a warrant and order of seizure in the form annexed authorizing a search of the target premises, and the person of JD Seller #1 (described as a male Hispanic with light skin and a bald head, standing approximately 5 feet and 8 inches tall), if present therein, for the above described property, and directing that if such evidence is found, it be brought before the Court. It is also requested that the officers executing the warrant be permitted to enter the above premises without giving prior notice of authority and purpose.

It is requested that this affidavit and any transcript of any accompanying sworn testimony in support of this application be sealed, except that permission be granted for an assistant district attorney in the New York County District Attorney's Office to obtain a copy of any such sworn testimony and that permission be granted for an assistant district attorney in the New York County District Attorney's office to disclose the affidavit and/or accompanying sworn testimony in the course of the lawful discharge of his or her duties pursuant to a criminal investigation and/or prosecution, or upon written order of the Court.

It is also requested for evidentiary purposes that this Court grant authorization for law enforcement personnel to videotape and photograph the interior of the target premises, to process the target premises for fingerprints and to analyze, test, and in any way scientifically process the target

TB  30                     Fax:                  Mar  4 2013 06:11pm P007/012

premises and all items seized.

It is also requested that the Court authorize the seizure of computers, cellular telephones, and/or other electronic storage devices as described above for the purpose of conducting an off-site search for the evidence described. In addition, it is also requested that this Court grant permission to retrieve the above-described data, information, and images, and print them or otherwise reproduce them by converting them or copying them into storage in another device.

It is also requested that the Court authorize that, for purposes of the requirement that a search warrant be executed within ten days as mandated by C.P.L. Section 690.30(1), that with respect to any computers, cellular telephones, and other electronic storage devices, the warrant be deemed executed at the time that said devices are seized and removed from the target premises, and that the search of said devices may continue thereafter for whatever reasonable time is necessary to complete a thorough search pursuant to this warrant. Once said computers and other devices are seized pursuant to the warrant, the data, information and images contained therein will not change, and thus no greater intrusion will result from a thorough search being conducted within a reasonable time.

It is also requested that the Court authorize a search of all files and data stored in computers, cellular telephones, and other electronic storage devices, irrespective of how the data is filed, labeled, designated, encrypted, hidden, disguised or otherwise stored.

It is also requested that the Court authorize forensic computer analysts assigned to the New York County District Attorney's Office Cyber Crime and Identity Theft Unit and/or the New York City Police Department Computer Crimes Squad to assist me, as deemed necessary by law enforcement officials, in accessing, downloading, retrieving, printing, copying and otherwise seizing the computerized information and electronic evidence described above from any devices seized in the target location.

It is requested that if the court examines the CI, that examination be incorporated as part of this affidavit and sealed pending further order.

No previous application has been made in this matter to any other Judge, Justice, or Magistrate.

_____
Detective Melvin Mejia

_____
Atalanta Mihas
APPROVED: Assistant District Attorney

Sworn to before me this
August 14, 2013

_____
Judge

**HON. LAURA WARD**

PL 71  AUG 1 4 2013

Note: As supplemented by the sworn oral testimony of a CI brought before the Court.

**J. WHITAKER**
_____
Name of Court Reporter

Exhibit B

Supreme Court of the State of New York
County of New York

-------------------------------------------------x   **WRIT OF HABEAS**
**CORPUS**

The State of New York
Ex Rel: *Rafael Cintron*

Index # __*14400496*__

-V-

Warden: *Antonio Cuin, Jr,*
*Warden at MDC*

-------------------------------------------------x

**NYSID** _____

*#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*

The People of the State of New York
To the Warden:

     We command you, that you have the body of
*Rafael Cintron*
by you imprisoned and detained, as it is said, together with the time and cause of such
imprisonment and detention, by whatsoever name the said
*Rafael Cintron*
is called or charged, before the Justice presiding at Trial Term Part __*1*__ of the Supreme
Court, New York County, to be held at the Courthouse at 100 Centre Street, City and
County of New York at __*9:30*__ AM on the __*5*__ day of __*May*__ 20*14* ,
to do and receive what shall then and there be considered concerning the said
*Rafael Cintron* . And have you then and there this WRIT.

**MICHAEL D. STALLMAN**
*J.S.C.*

WITNESS, Honorable _____ , one of the Justices of the Supreme Court of the State of
New York, this *10* day of *April* 20*14*
                    By the Court
                    Clerk
The above Writ allowed this *10* day of *April* , 20*14*

                    X _____
                         Justice of the Supreme Court
                                        **MICHAEL D. STALLMAN**
                                                *J.S.C.*

Service of this Writ of Habeas Corpus by regular first class mail is authorized. X _____

# Supreme Court of the State of New York
## Criminal Term
## New York County

## Part 1

# Writ of Habeas Corpus

The State of New York
ex rel. RAFAEL CINTRON

                      Petitioner

vs.

Warden: Antonio Cuin Jr., M.D.C.

                      Respondent

SCID # 30095-2014

Index # 14-400496

DATE:  May 5, 2014

**Ordered** that upon the papers submitted, this petition is

☐ GRANTED

☑ DENIED AND THE WRIT IS DISMISSED

MAY 0 C 2014

DATE

I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

Date: _____

Hon. _____

HON. LARRY R.C. STEPHEN

At a Term of the Appellate Division of the Supreme
Court held in and for the First Judicial Department in
the County of New York on February 24, 2015.

Present:   Hon. Karla Moskowitz,
                Leland G. DeGrasse                    Justice Presiding,
                Darcel D. Clark
                Barbara R. Kapnick,                   Justices.

------------------------------------X
The People of the State of New York
ex rel. Rafael Cintron,
            Petitioner-Appellant,

            -against-                                 M-5409
                                                     Index No. 400496/14
Warden, Antonio Cuin, Jr., Manhattan
Detention Center,
            Respondent-Respondent.
------------------------------------X

     Petitioner-appellant having renewed his motion for leave
to prosecute, as a poor person, the appeal from a judgment of the
Supreme Court, New York County, entered on or about May 5, 2014,
and for leave to have the appeal heard on the original record
and upon a reproduced appellant's brief, for the assignment of
counsel, and for other relief,

     Now, upon reading and filing the papers with respect to the
motion, and due deliberation having been had thereon,

     It is ordered that the motion is granted only to the extent of
permitting the appeal to be heard on the original record and upon a
reproduced appellant's brief, on condition that appellant serves one
copy of such brief upon the attorney for respondent and file 8 copies
of such brief, together with the original record, with this Court.
Appellant is permitted to dispense with payment of the required fee
for the subpoena and filing of the record.  The Clerk of the Supreme
Court, New York County, is directed to have transcribed the minutes
of the proceedings held therein, for inclusion in the record on
appeal, with a copy to appellant's counsel, the cost thereof to be
charged against the City of New York from funds available therefor.
So much of the motion which seeks the assignment of counsel is denied.

                        ENTER:



                                        _____
                                                CLERK

Supreme Court of the State of New York
Appellate Division - First Department
27 Madison Avenue
New York, N.Y. 10010
(212) 340-0400


May 19, 2015



Rafael Cintron(15-A-0458)
Bare Hill Corr. Fac.
181 Brand Road, Caller Box 20
Malone, NY 12953-0020

            Re: People ex rel. Rafael Cintron v. Warden
                Index #400496/14, New York

Dear Mr. Cintron:

        This is to acknowledge receipt of your correspondence dated
April 30, 2015.

        Send in your copy of the brief; the court will make the
additional copies and serve the District Attorney.

        Your correspondence dated April 30, 2015, is not a brief.


                        Yours truly,


                        Clerk's Office

Exhibit C



**OAD** | OFFICE OF THE
APPELLATE
DEFENDER

11 Park Place, Suite 1601, New York, NY 10007 | Tel. 212 402 4100 | Fax 212 402 4199

www.appellatedefender.org

**LEGAL MAIL – PRIVILEGED AND CONFIDENTIAL**

September 24, 2015

Mr. Rafael Cintron
DIN # 14-A-0458
Bare Hill Correctional Facility
181 Brand Rd.
Caller Box #20
Malone, New York 12953-0020

Dear Mr. Cintron,

I am a member of the Intake Team at the Office of the Appellate Defender. The Appellate Division, First Department, recently assigned us to represent you on the appeal of your conviction on Ind. No. 2338-2014. You may remember working with Alexandra in 2010 on the PRS appeal under Ind. No. 7232-2000. She wanted me to let you know that she is a member of the Intake Team and we are looking forward to working with you on another case.

While reviewing your history, our team learned that you have a New York County conviction under Ind. No. 3747-2013, for criminal possession of a controlled substance in the third degree. Our records show that you were sentenced in that case on January 21, 2015, to a six year sentence. It appears that a notice of appeal was not filed in that case. I would like to discuss this further, so please give me a call at (212) 402-4100. I accept collect calls from clients on Tuesdays, Wednesdays and Thursdays between 10:00am and 4:00pm.

In the meantime, enclosed is our Guide for New Clients. This book explains the appeals process and can probably answer any questions you may have. Right now, your case is in Phase One: Intake. Our Intake Team, which consists of three senior attorneys and myself, is waiting to receive the record for your case from the Appellate Division. This process takes several months. Once we receive your record, the Intake attorneys will review it to ensure that they assign the best possible litigation team for your case. For more information, please refer to the Client Guide, pages 15 to 20.

I have enclosed with this letter some forms that we use during the Intake process. The first, Form A, is a questionnaire that we use to gather basic information from you about your case. Form B consists of two release forms that will allow us access to your trial file and DOCCS information. The last form, Form C, will allow you to order your rap sheet and send it to us. Please complete these forms at your convenience.

We look forward to working with you again and hope to hear from you soon.

Sincerely,

*Jennifer Lambert*

Jennifer Lambert
Intake Specialist

End: Guide for New Clients, questionnaire, release forms, rap sheet form

Exhibit D

Acosta, P.J., Tom, Webber, Gesmer, Singh, JJ.

5000-                                                     Ind. 3747/13
5000A      The People of the State of New York,              2338/14
                          Respondent,

                      -against-

           Rafael Cintron,
                  Defendant-Appellant.
           _____

Rosemary Herbert, Office of the Appellate Defender, New York (Sam
Mendez of counsel), for appellant.

Cyrus R. Vance, Jr., District Attorney, New York (Andrew E.
Seewald of counsel), for respondent.
           _____

     Judgment, Supreme Court, New York County (Robert M. Stolz,

J.), rendered January 21, 2015, convicting defendant, upon his

plea of guilty, of criminal possession of a controlled substance

in the third degree, and sentencing him, as a second felony drug

offender previously convicted of a violent felony, to a term of

six years, unanimously reversed, on the law, the plea vacated and

the matter remanded for further proceedings.  Appeal from

judgment, same court (Edward J. McLaughlin, J.), rendered May 5,

2015, convicting defendant, after a nonjury trial, of criminal

facilitation in the fourth degree, and sentencing him to time

served, held in abeyance, and the matter remanded for further

proceedings on defendant's speedy trial motion.

Defendant is entitled to vacatur of his guilty plea because the court did not make any inquiry to ensure that the plea was knowing and voluntary, even though defendant had made statements casting significant doubt upon his guilt and calling into question his understanding of the nature of the charges against him (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Pariante*, 283 AD2d 345 [1st Dept 2001]).  Among other things, immediately before the plea allocution, defendant said he "never possessed anything," and the court's subsequent questions did not clarify that defendant understood the charges and was retracting the claim of innocence he had just made.  We find it unnecessary to reach defendant's other challenges to the plea.

With regard to the conviction after trial, defendant challenges the denial of his speedy trial motion.  While we find that defendant's affidavit sufficiently satisfied his initial burden (*see People v Goode*, 87 NY2d 1045, 1047 [1996]), the record is unclear as to whether the People satisfied their burden in response, or merely raised issues of fact requiring a hearing (*see* CPL 210.45; *People v Santos*, 68 NY2d 859, 861 [1986]).  Contrary to defendant's contention, the record indicates that the People responded to the motion.  The court, without reviewing the People's submissions, denied the motion, improperly relying only

on its "notes" and "recollection" (*see* People v Berkowitz, 50
NY2d 333, 349 [1980]).  Accordingly, we hold the appeal in
abeyance and remand the matter for further proceedings on the
motion.  At this stage of the appeal, we do not address
defendant's remaining challenges to the trial conviction.

        THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

          ENTERED:  NOVEMBER 21, 2017

                         CLERK

Exhibit E

| | |
|---|---|
| **Address:** | 1420 AMSTERDAM AV, MANHATTAN, NY |
| **Fax Number:** | M47084 |
| **Place of Arrest:** | NYCPD 26 |
| **Arrest Type:** | Unknown |
| **Date of Crime:** | August 15, 2013 |
| **Place of Crime:** | New York County, NY |
| **Criminal Justice Tracking No.:** | 66201572R |
| **Arresting Agency:** | NYCPD PCT 026 |
| **Arresting Officer ID:** | 927195 |
| **Arrest Number:** | M13671900 |
| **Arraignment:** | New York County Criminal Court |

**Arrest Charges:**

-- Criminal Possession Contr Sub-3rd:Narc Drug Intent To Sell
PL 220.16    Sub 01   Class B Felony        Degree 3 NCIC 3599

-- Criminal Sale Controlled Substance-3rd:Narcotic Drug
PL 220.39    Sub 01   Class B Felony        Degree 3 NCIC 3599

-- Criminal Possession Controlled Sub-5th:Narc
PL 220.06    Sub 02   Class D Felony        Degree 5 NCIC 3599

-- Tampering With Physical Evidence:Conceal/Destroy
PL 215.40    Sub 02   Class E Felony        Degree 0 NCIC 4804

-- Criminal Use Drug Paraphernalia-2nd:Dilutents
PL 220.50    Sub 01   Class A Misdemeanor Degree 2 NCIC 3550

## Court Case Information

**--Court:** New York County Criminal Court    **Case Number:** 2013NY063471

August 15, 2013
**Initial Report Of Docket Number**

August 15, 2013
**Arraigned**

-- Criminal Possession Contr Sub-3rd:Narc Drug Intent To Sell
PL 220.16    Sub 01   Class B  Felony          NCIC 3599

-- Criminal Use Drug Paraphernalia-2nd:Dilutents
PL 220.50    Sub 01   Class A  Misdemeanor  NCIC 3550

-- Criminal Use Drug Paraphernalia-2nd:Package
PL 220.50    Sub 02   Class A  Misdemeanor  NCIC 3550

-- Criminal Use Drug Paraphernalia-2nd:Scales
PL 220.50    Sub 03   Class A  Misdemeanor  NCIC 3550

Exhibit F

3

Proceedings

1  THE COURT: And those are different matters.
2  DEFENDANT: I object.
3  THE COURT: What?
4  THE DEFENDANT: I'm objecting to that.
5  THE COURT: To what.
6  THE DEFENDANT: That you say it is different
7  matters. It clearly states --
8  THE COURT: Why don't you just listen to what the
9  assistant has to say. Can you explain for the benefit of
10 the defendant why those are in point of fact different
11 matters? They have different indictment numbers; they are
12 in front of a different judge.
13 DEFENDANT: It was on the same docket number. It
14 has to be from the same warrant that clearly stated
15 conspired to sell and identity theft in the same warrant.
16 THE COURT: Excuse me sir.
17 He has pled here. I'm going to impose the
18 sentence. Judge McLaughlin will do what Judge McLaughlin
19 does. I'm imposing it with the understanding that Judge
20 McLaughlin will impose concurrent time but there is nothing
21 I can do to bind Judge McLaughlin. People.
22 DEFENDANT: He still hadn't taken my motion. They
23 still have not rebutted it. I have not gotten any answer
24 to my pro se motion.
25 THE COURT: Counsel, you should explain you

Bonnie J. French
Senior Court Reporter

4

Proceedings

1  decided not to withdraw the plea and your client should
2  understand that he is playing with fire here. He is a
3  violent predicate felon charged with a B felony here. On
4  this drug case and instead of the 6 years irrespective of
5  what Judge McLaughlin does I can sentence him to 15 years
6  just on this case.
7  MR. KONTA: That's correct judge.
8  THE COURT: Let's just say he is not conducting
9  himself wisely, it seems to me but that is between you and
10 him.
11 MS. MAHIAS: Just to answer the defendant's
12 questions this is a search warrant case where narcotics were
13 recovered and this is separate case from the case in front
14 of Judge McLaughlin. His case does not involve a search
15 warrant but a wiretap where the defendant comes over the
16 wiretap and the drug charges for that case stem from a
17 wiretap and don't involve the search warrant. It is in the
18 same period of time as the search warrant but nothing to do
19 with it. The third case in front of Judge McLaughlin also
20 stems from a wiretap but it involves check fraud or larceny.
21 MR. KONTA: You're saying this search warrant has
22 nothing to do with the cases up in '93.
23 MS. MAHIAS: No. In fact, the officers are
24 entirely different. They didn't have any knowledge.
25 MR. KONTA: Any cross over whatsoever of

Bonnie J. French
Senior Court Reporter



POLICE DEPARTMENT
LEGAL BUREAU
F.O.I.L Unit, Room 110C
One Police Plaza
New York, NY 10038

05/20/15

Mr. Rafael Cintron  8751500423
BKC                                                          FOIL Req #: 2015-PL-4915
11-11 Hazen Street                                           Your File #:
East Elmhurst, NY 11370

Dear Sir or Madam:

    This is in response to your letter dated 05/07/15, which was received by this office on 05/13/15, in which you requested access to certain records under the New York State Freedom of Information Law (FOIL).

    Your request has been assigned to Police Officer Brehm (646-610-6440) of this office. Before a determination can be rendered, further review is necessary to assess the potential applicability of exemptions set forth in FOIL, and whether the records can be located. I estimate that this review will be completed, and a determination issued, within ninety business days of this letter.

    This is not a denial of the records you requested. Should your request be denied in whole or in part, you will then be advised in writing of the reason for any denial, and the name and address of the Records Access Appeals Officer.

                                                    Very truly yours,

                                                    by Richard Mantellino
                                                    Lieutenant
                                                    Records Access Officer

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

CERTIFICATE OF DISPOSITION
NUMBER:  342922

THE PEOPLE OF THE STATE OF NEW  YORK
            VS

ALLENDE,SIMONE
Defendant

12/13/1986
Date of Birth

1420 AMSTERDAM AV
Address

12383759Q
NYSID Number

MANHATTAN            NY
City            State  Zip

08/15/2013
Date of Arrest/Issue

Docket Number: 2013NY063472

Summons No:

220.16
Arraignment Charges

Case Disposition Information:

| Date | Court Action | Judge | Part |
|------|--------------|-------|------|
| 12/02/2013 | DISMISSED - MOTION OF DA | TISCH,A | F |

NO FEE CERTIFICATION

_ GOVERNMENT AGENCY        _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED

SOURCE  _ ACCUSATORY INSTRUMENT  _ DOCKET BOOK/CRIMS  _ CRC3030[CRS963]

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

SPINNEY,L
COURT OFFICIAL SIGNATURE AND SEAL

12/17/2013
DATE        FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
       SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

# SEALED

pursuant to Section 160.50 of the CPL

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK)

COUNTY OF _NY_ )       ss:

_Rafael Cintron_____, being duly sworn, deposes and says:

That I have on this ___6___ day of __June_____, 20_18_ placed and submitted in the postal receptacle in the New York City Correctional Facility known as **North Infirmary Command, 1500 Hazen Street, East Elmhurst, NY 11370** a Notice of _Amended Complaint 18 CV 1619_____, to be duly mailed via the United States Postal Service to the following parties in the above action:

_United State District_
_Southern District of New York_
_45 Court House 500 Pearl Street_
_New York New York 10007_

Respectfully submitted,

_Rafael Cintron_

Sworn to before me this
_6_ day of _June___, 20_18_

NOTARY PUBLIC _____

Aaron Jordan
Notary Public, State of New York
No. 01AK6161518
Qualified in Queens County
Commission Expires February 26, 20_19_



Pro Se
SM

United State District Court

Southern District of New York
The Daniel Patrick Moynihan
United State Court House
500 Pearl Street New York, NYC 10007

RECEIVED
2018 JUN 11  AM 10: 14

USM3
SDNY
CLERK'S OFFICE

...zen Street
...hurst NY 11370



UNITED STATES POSTAGE
PITNEY BOWES
$ 002.26⁰
02 1P
0001942422     JUN 04 2018
MAILED FROM ZIP CODE 11358



RECEIVED

JUN 8 2018

CLERK'S OFFICE
S.D.N.Y.

CORAN OBER P.C.

Clerk of the Court
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

25-02 Francis Lewis Blvd., Flushing, NY, 11358



USDC SDNY

2018 JUN 11  AM10:18