USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/3/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAFAEL CINTRON,

               Plaintiff,

v.

MELVIN MEJIA SHIELD # 00301,
MATTHEW CERNEY SHIELD # 6487,
MICHAEL DYE SHIELD # 2064, JOHN
DOE 1 ID # 892171,

               Defendants.

No. 18-CV-1619 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Rafael Cintron, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against four police officers for false arrest and malicious prosecution. He brings claims against Defendants Melvin Mejia, Matthew Cerney, and Michael Dye for events arising out of an August 2013 arrest, and, separately, against a John Doe officer—who has since been identified as Eric Weshner—for events arising out of a May 2014 arrest. Before the Court is Mejia and Cerney's motion pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings as to the claims against them, which exclusively concern the August 2013 arrest.[1] For the reasons that follow, Defendants' motion is granted.

---

[1] The claims against Dye also arise exclusively out of the August 2013 arrest and, as explained below, they fail for the same reasons as the claims against Mejia and Cerney. Dye, however, has not joined in Mejia and Cerney's motion, because his time to respond to the Amended Complaint was adjourned *sine die* due to a medical condition that has prevented him from participating in his defense. *See* Dkt. 22. Nonetheless, for the reasons explained below, the Court dismisses the claims against Dye *sua sponte*.

## BACKGROUND

The following facts, taken from the Amended Complaint, are accepted as true for the purposes of this motion for judgment on the pleadings. *See Johnson v. Rowley*, 569 F.3d 40, 43–44 (2d Cir. 2009).

On August 15, 2013, Plaintiff was arrested by Defendants Mejia, Cerney, and Dye following the search, pursuant to a warrant, of an apartment where Plaintiff was staying as an overnight guest. Plaintiff alleges that the officers brought false charges against him and wrongfully failed to present him to the judge who signed the warrant that led to his arrest. He was indicted on August 23, 2013 for narcotics-related felony charges. On January 21, 2015, he pled guilty to Criminal Possession of a Controlled Substance in violation of New York Penal Law ("NYPL") § 220.16. Plaintiff appealed his conviction and, on November 21, 2017, the First Department vacated his guilty plea on the ground that the Supreme Court had failed to inquire into whether the plea was knowing and voluntary. *See People v. Cintron*, 65 N.Y.S.3d 139, 140 (1st Dep't 2017). On remand, Plaintiff pled guilty on June 15, 2018 to Attempted Criminal Possession of a Controlled Substance, in violation of NYPL § 110 / 220.16, in full satisfaction of the indictment stemming from his August 2013 arrest. Collins Decl. Ex. B (Certificate of Disposition); *see United States v. Alexander*, 123 F. App'x 444, 445 (2d Cir. 2005) (summary order) (taking judicial notice of a certificate of disposition). He was sentenced on August 1, 2018 to four years of imprisonment and two years of supervised release. *Id.*

In May of 2014, Plaintiff was arrested again. He alleges that the officers who arrested him were belligerent, threatened to punch him in the mouth, and falsely accused him of forging checks. The charges stemming from this arrest were dismissed in Plaintiff's favor on April 16, 2015.

On February 21, 2018, Plaintiff commenced this action against two John Doe officers for false arrest and malicious prosecution arising out of the May 2014 arrest. He filed an Amended

Complaint on June 11, 2018. The Amended Complaint, which is the operative complaint in this action, named as defendants the State of New York, Mejia, Cerney, Dye, and a John Doe officer, and contained allegations of false arrest and malicious prosecution arising out of both his May 2014 arrest and his August 2013 arrest. On July 19, 2018, the Court issued an order dismissing the claims against the State of New York and requiring the New York City Law Department to identify the John Doe officer and to provide service addresses for each of the defendants. In response to that order, the City identified the John Doe officer as Eric Weshner (who is retired) and provided service addresses for Mejia, Cerney, and Dye. As to Weshner, the City indicated that it was awaiting Weshner's response to the City's request for a service address. The City has not yet provided a valid service address for Weshner and, accordingly, Weshner has not been served.

In October of 2018, the City informed the Court that Dye had a serious medical condition that prevented him from participating in his defense. The Court adjourned Dye's time to answer *sine die*. Defendants Mejia and Cerney answered the Amended Complaint on November 14, 2018, and on January 14, 2019, they filed the instant motion for judgment on the pleadings. Plaintiff did not respond to Defendants' motion. After several warnings from the Court that the case could be dismissed for failure to prosecute if Plaintiff did not indicate his intent to pursue this action, Plaintiff submitted a letter to the Court stating that he intended to pursue the case, but that he would not file an opposition to Defendants' motion.

## STANDARD OF REVIEW

"To survive a Rule 12(c) motion, [a] 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Johnson*, 569 F.3d at 44 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Hogan v. Fischer*, 738 F.3d 509, 514–15 (2d Cir. 2013) ("The standard for addressing a Rule 12(c) motion for judgment on the

pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 514 (quoting *Iqbal*, 556 U.S. at 678).

"Where, as here, the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests." *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014). "A plaintiff's failure to respond to a motion for judgment on the pleadings does not dictate dismissal of a complaint." *Ismael v. City of New York*, No. 17-CV-1825 (AJN), 2018 WL 4757950, at *2 (S.D.N.Y. 2018). "Rather, 'if the pleadings are themselves sufficient to withstand dismissal, a *pro se* complaint will not be dismissed simply because the complainant failed to respond to a Rule 12(c) motion.'" *Id.* (quoting *Nauss v. Barnhart*, 155 F. App'x 539, 540 (2d Cir. 2005) (summary order)).

## DISCUSSION

### I. Defendants Mejia and Cerney

Mejia and Cerney argue that the claims against them must be dismissed because, among other reasons, Plaintiff's guilty plea bars his § 1983 claims for false arrest and malicious prosecution arising out of his August 2013 arrest. The Court agrees.

### A. False Arrest

To state a claim for false arrest under § 1983, Plaintiff must show that Defendants "intentionally confined him without his consent and without justification." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest."[2] *Id.* (internal quotation marks omitted).

---

[2] To the extent that Plaintiff also brings a § 1983 claim for false imprisonment, "[t]he same holds true for the false imprisonment claim[] because, under New York law, the claim is identical to a false arrest claim, and the federal

4

Moreover, "[a] voluntary guilty plea, even for a lesser charge than that for which a plaintiff was arrested, bars a subsequent false arrest claim under § 1983 as conclusive evidence that probable cause existed." *Wilson v. Calderon*, 14-CV-6209 (GBD) (GWG), 2017 WL 2881153, at *13 (S.D.N.Y. July 6, 2017), *report and recommendation adopted* 2017 WL 3209148 (S.D.N.Y. July 27, 2017).

Here, Plaintiff was arrested on August 15, 2013 for, among other things, criminal possession of a controlled substance in the third degree. On June 15, 2018, Plaintiff pleaded guilty to attempted criminal possession of a controlled substance in the third degree in full satisfaction of the charges stemming from that arrest. Collins Decl. Ex. B. His conviction, which "resulted from his guilty plea to a lesser charge, precludes recovery under § 1983 for false arrest since it establishes that probable cause existed at the time of the arrest." *Allison v. Farrell*, 97-CV-2447 (DAB), 2002 WL 88380, at *4 (S.D.N.Y. Jan. 22, 2002). Since Plaintiff's June 2018 conviction was neither dismissed nor reversed on appeal, that conviction is "conclusive evidence of probable cause." *Weyant*, 101 F.3d at 852.

### B. Malicious Prosecution

To state a cause of action for malicious prosecution under § 1983, a plaintiff must allege: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995). "The existence of probable cause is an absolute defense to a cause of action for malicious prosecution." *Maron v. Cnty. of Albany*, 166 F. App'x 540, 541 (2d Cir. 2006) (summary order). In addition, "[i]t is well settled that a guilty plea is not a termination in favor of the accused for

---

claim looks to the elements of the state claim." *Kilburn v. Vill. of Saranac Lake*, 413 F. App'x 362, 363 (2d Cir. 2011) (summary order) (internal citations omitted).

5

purposes of a malicious prosecution claim." *Rivera v. City of Yonkers*, 470 F. Supp. 2d 402, 408 (S.D.N.Y. 2007).

Here, as explained above, Plaintiff's June 2018 guilty plea establishes probable cause for commencing the proceeding against him and therefore serves as an absolute defense to the malicious prosecution claim arising out of his August 2013 arrest. Moreover, as his guilty plea "represents a termination of the case that was not in favor of the accused, Plaintiff cannot maintain his claim for malicious prosecution." *Rivera*, 470 F. Supp. 2d at 408.

The Court thus grants Mejia and Cerney's motion for judgment on the pleadings as to the claims against them for false arrest and malicious prosecution. Mejia and Cerney are, accordingly, dismissed from this case.

II. **Defendant Dye**

As explained above, *see supra* note 2, the Court previously adjourned Dye's time to respond to the Amended Complaint *sine die*, because a medical condition prevented him from participating in his defense. The City—which, due to Dye's medical condition, does not represent Dye in this action—has requested that the Court dismiss the claims against Dye *sua sponte*, noting that, "[i]n the interest of justice and for the purposes of judicial economy, the claims against defendant Dye should not survive solely because his current[] medical condition prevents him from participating in his defense." Defs. Mem. at 1 n.2. The Court agrees that a *sua sponte* dismissal is appropriate under the circumstances.

"The district court has the power to dismiss a complaint sua sponte for failure to state a claim, so long as the plaintiff is given notice and 'an opportunity to be heard.'" *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (internal citations and quotation marks omitted). "[A]dequate notice helps the court secure a just determination, by giving parties moved against the

opportunity to present their best arguments in opposition." *Perez v Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988) (internal citations and quotation marks omitted).

Here, Plaintiff has been put on notice of the possibility of a *sua sponte* dismissal as to Dye. Mejia and Cerney filed their motion for judgment on the pleadings approximately seven months ago, on January 14, 2019. In the memorandum of law filed with that motion, they requested that the Court *sua sponte* dismiss the claims against Dye. Moreover, since the claims against Dye—like the claims against Mejia and Cerney—relate exclusively to the August 2013 arrest, Plaintiff was on notice that the legal challenges to his claims against Mejia and Cerney applied equally as to Dye. Although Plaintiff ultimately chose not to file an opposition to Mejia and Cerney's motion, he was given more than four months to be heard on the issues that Mejia and Cerney raised. Thus, given that Plaintiff has been provided with notice and an opportunity to be heard, and in light of the unique circumstances presented here—including Dye's medical condition and the fact that the claims against Dye necessarily fail for the same reasons as the claims against Mejia and Cerney—the Court concludes that a *sua sponte* dismissal of the claims against Dye is warranted. *See Hecht v. Commerce Clearing House*, 897 F.2d 21, 26 n.6 (2d Cir. 1990) ("*Sua sponte* dismissal of the complaint with respect to [a non-moving defendant] is appropriate here, because the issues concerning [the non-moving defendant] are substantially the same as those concerning the other defendants, and [plaintiff] . . . had notice and a full opportunity to make out his claim against [the non-moving defendant].").

## CONCLUSION

For the foregoing reasons, Mejia and Cerney's motion for judgment on the pleadings is granted and the claims against Dye are dismissed *sua sponte*. Defendants Mejia, Cerney, and Dye are therefore dismissed from this case.

Plaintiff's claims against Weshner, which arise out of the May 2014 arrest, shall proceed. The City is directed, no later than September 18, 2019, to submit a letter updating the Court about its efforts to locate a valid service address for Weshner.

According to the City, Plaintiff has not yet provided the City with an executed § 160.50 release, which would allow the City to investigate Plaintiff's claims arising out of the May 2014 arrest. Plaintiff is directed to provide an executed copy of such a release to the City no later than October 4, 2019, or, if he is unable to do so, to submit a letter to the Court explaining his inability to provide the release. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. A copy of the § 160.50 Release is attached to this Opinion.

The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 33 and to mail a copy of this Opinion to Plaintiff at the address provided on the docket. The Clerk of Court is further directed to amend the official caption to reflect the identity of the John Doe defendant as Eric Weshner and to reflect that Mejia, Cerney and Dye have been dismissed from the case.

SO ORDERED.

Dated: September 3, 2019
New York, New York

Ronnie Abrams
United States District Judge

## DESIGNATION OF AGENT FOR ACCESS TO SEALED
## RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, _____, Date of Birth ___/___/_____, SS# _____, pursuant to NYCPL § 160.50[1][d], hereby designate ZACHARY W. CARTER, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled <u>People of the State of New York</u> v. _____, Docket No. or Indictment No. _____, in _____ Court, County of _____, State of New York, relating to my arrest on or about _____, may be made available for use in Civil Action _____, _____ (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_____
SIGNATURE

STATE OF NEW YORK   )
                    : SS.:
COUNTY OF           )

On this _____ day of _____, 201_, before me personally came _____, to me known and known to me to be the individual described in and who executed the foregoing instrument, and __ acknowledged to me that __ executed the same.

_____
NOTARY PUBLIC