┌─────────────────────────────────┐
│ **USDC-SDNY**                   │
│ **DOCUMENT**                    │
│ **ELECTRONICALLY FILED**        │
│ **DOC#:**                       │
│ **DATE FILED:** 8/6/2020        │
└─────────────────────────────────┘

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ANDRAS FRANKL,<br><br>          Debtor. | Adv. Pro. No. 18-1619 (MKV) |

| | |
|---|---|
| COMBINED RESOURCES INTERIORS, INC.,<br><br>          Appellant,<br><br>v.<br><br>ANDRAS FRANKL,<br><br>          Appellee. | No. 19-CV-6799 (RA)<br><br>OPINION AND ORDER |

RONNIE ABRAMS, United States District Judge:

Appellant-Creditor Combined Resources Interiors, Inc. appeals from an order of the United States Bankruptcy Court for the Southern District of New York (Vyskocil, J.) dismissing Combined Resources's adversary proceeding against the Chapter 7 Appellee-Debtor, Andras Frankl. For the reasons set forth below, the order of the Bankruptcy Court is affirmed.

## BANKRUPTCY COURT PROCEEDING

On May 2, 2018, Frankl filed a voluntary petition ("the Petition") for relief under Chapter 7 of the United States Bankruptcy Code. *See* Ch. 7 Dkt. 1.[1] Notice of the Petition (the "Notice") was sent to all creditors, including Combined Resources, via certified mail on May 5, 2018. *See*

---

[1] This Opinion uses the following citations: "Ch. 7 Dkt." for the primary Chapter 7 proceeding initiated by Frankl (Case No. 18-11283 (MKV)); "Bankr. Dkt." for the adversary proceeding initiated by Combined Resources (Case No. 18-1619 (MKV)); and "Bankr. Op." for the Bankruptcy Court's opinion and order dismissing the adversary proceeding against Frankl.

Ch. 7 Dkt. 6 (Certificate of Mailing). The first page of the Notice instructed the parties to "read both pages carefully" as it contained important information regarding meeting dates and deadlines in the case. *Id*. Specifically, the Notice explained that an 11 U.S.C. § 341 meeting of creditors was scheduled for June 7, 2018 ("the 341 Meeting"), and that any creditor seeking to object to a discharge of debt had to initiate an adversarial proceeding against Frankl by August 6, 2018 (the "Objection Deadline")—sixty days from the date first set for the 341 Meeting. *See id*. The sixty-day deadline to file the adversary complaint seeking a discharge of debt was set in accordance with Federal Bankruptcy Rule 4007(c), which provides that "a complaint to determine the dischargeability of a debt . . . shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." The 341 Meeting was later adjourned to August 21, 2018 which allowed Frankl, then-incarcerated on second degree grand larceny charges, to participate telephonically. *See* Bankr. Dkt. 7-7 (341 Meeting Transcript); Dkt. 9-7 (Correspondence Regarding Telephonic 341 Meeting).

On August 30, 2018—twenty-four days after the Objection Deadline—Combined Resources filed an adversary complaint against Frankl objecting to the dischargeability of a $79,216.18 debt allegedly owed to Combined Resources for construction work provided to Frankl. *See* Bankr. Dkt. 1. In his answer to the complaint, Frankl did not raise the untimeliness of the adversary proceeding under Bankruptcy Rule 4007(c) as an affirmative defense.

On December 14, 2018, Combined Resources moved for summary judgment on its adversary complaint pursuant to Bankruptcy Rule 7056. *See* Bankr. Dkt. 7. On January 23, 2019, Frankl filed a cross-motion for summary judgment in which he argued for the first time that the adversary complaint should be dismissed because it was not filed within Bankruptcy Rule 4007(c)'s sixty-day statute of limitations period. *See* Bankr. Dkt. 9. In its reply brief in further

support of its motion for summary judgment and in opposition to Frankl's cross-motion for summary judgment, Combined Resources argued that Frankl waived the right to raise an untimeliness defense by failing to assert it in his answer or in a pre-answer motion. *See* Bankr. Dkt. 10.

At a hearing on the parties' competing summary judgment motions, Bankruptcy Judge (now District Judge) Vyskocil directed the parties to submit supplemental briefing regarding whether the Bankruptcy Court could construe Frankl's cross-motion for summary judgment as a motion to amend his answer, which would allow Frankl to raise the untimeliness defense. *See* Bankr. Op. at 4; *see* Bankr. Dkts. 11-12 (Supplemental Briefing). In its supplemental brief to the Bankruptcy Court, Combined Resources argued that Frankl's cross-motion for summary judgment could not be construed as a motion to amend his answer because responsive pleadings "must affirmatively state any avoidance or affirmative defense, including . . . statute of limitations." Bankr. Dkt. 11 at 3. Combined Resources also contended that if the Bankruptcy Court did decide to construe Frankl's cross-motion for summary judgment as a motion to amend his answer, Combined Resources should be entitled to equitable tolling of Bankruptcy Rule 4007(c)'s statute of limitations to allow it to file its adversary complaint in a timely fashion. *Id*. at 4. In his supplemental reply brief, Frankl responded that absent undue prejudice, the Bankruptcy Court had the inherent discretion to construe a cross-motion for summary judgment as a motion to amend, and that Combined Resources was not entitled to equitable tolling because Frankl was not at fault for Combined Resources's failure to file the adversary complaint within the statute of limitations. Bankr. Dkt. 12 at 2-4.

On July 11, 2019, Judge Vyskocil issued an opinion and order granting Frankl's cross-motion for summary judgment, denying Combined Resources's motion for summary judgment, and dismissing the adversary proceeding. *See* Bankr. Op. at 2. First, Judge Vyskocil held that Frankl's cross-motion for summary judgment could be construed as a motion to amend his answer. *Id*. at 7. Although affirmative defenses usually must be raised in responsive pleadings, she reasoned, a bankruptcy court has the discretion to construe a summary judgment motion as one to amend absent prejudice to the opposing party. *Id*. Next, Judge Vyskocil denied Combined Resources's request to equitably toll Rule 4007(c)'s sixty-day statute of limitations. *Id*. at 9. She found that Combined Resources failed to diligently pursue its rights to warrant equitable tolling and that no extraordinary circumstances, such as fraud or misrepresentation by Frankl, existed to justify equitable relief. *Id*. at 9-10. Judge Vyskocil declined to address the merits of Combined Resources's motion for summary judgment in light of her ruling that the adversary complaint was time-barred. *Id*. at 12.

## PROCEDURAL HISTORY

On August 1, 2019, Combined Resources filed an amended notice of appeal of Judge Vyskocil's July 11, 2019 opinion. Dkt. 5. Combined Resources filed a brief in support of its appeal on October 4, 2019, Dkt. 8, Frankl filed his brief in opposition on November 4, 2019, Dkt. 9, and Combined Resources filed its reply on November 11, 2019, Dkt. 10.

## LEGAL STANDARD

District courts have appellate jurisdiction over "final judgments, orders, and decrees" of bankruptcy courts under 28 U.S.C. § 158(a)(1). A district court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *See In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000). "Mixed questions of fact and law are subject to de novo

review." *Babitt v. Vebeliunas*, 332 F.3d 85, 90 (2d Cir.2003). "A finding of fact is clearly erroneous when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adler v. Lehman Bros. Holdings Inc.* (*In re Lehman Bros. Holdings Inc.*), 855 F.3d 459, 469 (2d Cir. 2017) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). "Harmless error, meaning an error not inconsistent with substantial justice or that does not affect the parties' substantial rights, is not grounds for reversal." *McNerney v. ResCap Borrower Claims Trust* (*In re Residential Capital, LLC*), 563 B.R. 477, 485 (S.D.N.Y. 2016).

 "Matters left to the [bankruptcy] court's discretion are reviewed for abuse of discretion." *In re Adelphia Commc'ns Corp.*, 342 B.R. 122, 126 (S.D.N.Y. 2006) (internal quotation marks omitted). "A bankruptcy court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *In re Soundview Elite Ltd.*, 646 Fed. App'x 1 (2d Cir. 2016).

"A district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *Margulies v. Hough* (*In re Margulies*), 566 B.R. 318, 328 (S.D.N.Y. 2017) (citation omitted).

## DISCUSSION

On appeal, Combined Resources seeks a ruling that the Bankruptcy Court erred in: (1) granting summary judgment to Frankl on statute of limitations grounds when Frankl failed to assert a statute of limitations defense in his answer or in a pre-answer motion; and (2) ruling that Combined Resources was not entitled to equitable tolling of the statute of limitations to file its Federal Bankruptcy Rule 4007(c) adversary complaint in objection to Frankl's debt discharge. *See* Dkt. 6 ("Issues and Record on Appeal). Combined Resources urges the Court to review both issues on appeal *de novo*, as it alleges that there are no facts in dispute. Combined Resources Br., Dkt. 8

at 2. Although it is true that there are no factual disputes on appeal, *de novo* review is not the proper standard of review for either issue raised by Combined Resources.

The Second Circuit reviews a district court's decision to construe a motion for summary judgment as a motion to amend for abuse of discretion. In *Monahan v. New York City Dep't of Corrections*, for instance, the Second Circuit held that although "an affirmative defense [] should be raised in the defendant's answer, the [] court has the discretion to entertain the defense when it is raised in a motion for summary judgment, by construing the motion as one to amend the defendant's answer." 214 F.3d 275, 283 (2d Cir. 2000) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993)). The *Monahan* court thus reviewed the district court's decision to construe the summary judgment motion as a motion to amend the answer for abuse of discretion. *See* 214 F.3d at 283.  District courts similarly review bankruptcy court decisions to grant or deny leave to amend for an abuse of discretion. *See, e.g.*, *In re Barquet Grp., Inc.*, 486 B.R. 68, 72 (S.D.N.Y. 2012); *Urban v. Hurley*, 261 B.R. 587, 592 (S.D.N.Y. 2001).

In *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 81 (2d Cir. 2003), the Second Circuit held that decisions regarding equitable tolling are also subject to abuse of discretion review. In so doing, the Circuit stated that it was "mindful that in *South v. Saab Cars USA, Inc.*, 28 F.3d 9 (2d Cir.1994), we indicated that the standard of review was *de novo*," but that the *Saab Cars* "holding was inconsistent with the cases cited in the text." *Zerilli-Edelglass*, 333 F.3d at 81 n.7. District courts within the Second Circuit have since followed the approach set forth in *Zerilli-Edelglass* and reviewed bankruptcy court decisions regarding equitable tolling for an abuse of discretion. *See*, *e.g.*, *In re Dy*, No. 13 CV 6498 BMC, 2014 WL 65350, at \*3 (E.D.N.Y. Jan. 8, 2014).

Accordingly, the Court now reviews both issues on appeal for an abuse of discretion. For the reasons that follow, the Court holds (1) that the Bankruptcy Court did not abuse its discretion in construing Frankl's cross-motion for summary judgment as a motion to amend his answer; and (2) that the Bankruptcy Court did not abuse its discretion in denying Combined Resources's request for equitable tolling of the statute of limitations to file its adversary complaint. The judgment of the Bankruptcy Court is thus affirmed.

I.      **The Bankruptcy Court Did Not Abuse its Discretion in Construing Frankl's Cross-Motion for Summary Judgment as a Motion to Amend**

In arguing that a cross-motion for summary judgment cannot be construed as a motion to amend a responsive pleading, Combined Resources relies primarily on the argument raised in its supplemental briefing before the Bankruptcy Court, *see* Bankr. Dkt. 11, namely that Federal Rule 8(c)(1), which applies to bankruptcy proceedings through Bankruptcy Rule 7008, mandates that responsive pleadings "***must*** affirmatively state any avoidance or affirmative defense, including . . . statute of limitations." *See* Combined Resources Br. at 7 (alteration in original). Combined Resources thus contends that Frankl waived his timeliness defense because he raised his Bankruptcy Rule 4007(c) statute of limitations defense in a cross-motion for summary judgment instead of in its responsive pleading. *See id*.

Judge Vyskocil correctly noted, however, that Federal Rule 8(c)(1) must be read in conjunction with Federal Rule 15(a), which instructs courts to "freely give leave" to amend responsive pleadings when "justice so requires." *See* Bankr. Op at 6-7 (citing *Kontrick v. Ryan*, 540 U.S. 443, 459 (2004) (holding that an answer in a bankruptcy proceeding can be amended to add a statute of limitations defense under Federal Rule 15(a)) so long as the request is made before final adjudication on the merits)).[2] The Second Circuit has recognized that such a construction is

---

[2] Bankruptcy Rule 7015 provides that Federal Rule of Civil Procedure 15 applies in adversary proceedings.

plainly within the discretion of the presiding judge. *See Monahan*, 214. F.3d at 283 ("[T]he court has the discretion to entertain [an affirmative defense] when it is raised in a motion for summary judgment by construing the motion as one to amend the defendant's answer . . . absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility").

As Judge Vyskocil recognized, under Second Circuit law, amendment is deemed prejudicial if it would "(1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction." *See* Bankr. Op. at 8 (quoting *Monahan*, 214 F.3d at 284). Combined Resources would not face undue prejudice if Frankl were granted leave to amend, Judge Vyskocil held, because no discovery had taken place and dismissal would in fact hasten, not delay, the resolution of the dispute. *See* Bankr. Op. at 8. She further noted that "[w]hile such an outcome is surely detrimental to [Combined Resources's] cause, it does not constitute 'undue prejudice' as articulated by the Second Circuit." *Id.*

It was well within Judge Vyskocil's discretion to construe Frankl's summary judgment cross-motion as a motion to amend his answer. Her ruling neither rested on an error of law nor was it outside the range of permissible decisions. *See In re Aquatic Dev. Grp., Inc.*, 352 F.3d 671 (2d Cir. 2003) (holding that an abuse of discretion on the part of a bankruptcy court is either "(1) a decision resting on an error of law . . . or (2) a decision that . . . cannot be located within the range of permissible decisions").

## II.     The Bankruptcy Court Did Not Abuse Its Discretion in Holding That Combined Resources Was Not Entitled to Equitable Tolling of the Statute of Limitations

Because Combined Resources commenced the adversary proceeding after the sixty-day deadline mandated by Bankruptcy Rule 4007(c), the action must be dismissed unless an equitable

defense applies. *See Kontrick*, 540 U.S. at 447-48 n.3 (holding that because Bankruptcy Rule 4007(c) is a statute of limitations as opposed to a jurisdictional restriction, it is subject to equitable defenses such as tolling); *accord In re Benedict*, 90 F.3d 50, 54 (2d. Cir. 1996) (same). On this issue, Combined Resources again relies on an argument it made to the Bankruptcy Court in its supplemental briefing, *see* Bankr. Dkt. 11 at 4, that even assuming Frankl's cross-motion for summary judgment is construed as a motion to amend his answer, Combined Resources is entitled to equitable tolling of the Bankruptcy Rule 4007(c) statute of limitations, *see* Combined Resources Br. at 9.

The doctrine of equitable tolling "permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Warren v. Gavin*, 219 F.3d 111, 113 (2d. Cir. 2000). Equitable tolling is considered to be "a drastic remedy applicable only in rare and exceptional circumstance[s]," *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d. Cir. 2011), and "[t]he burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). The parties agree that Combined Resources is only entitled to equitable tolling if it establishes that "(1) [it] has been pursuing [its] rights diligently, and (2) that some extraordinary circumstances stood in [its] way." *A.Q.C.*, 656 F.3d at 144; *see also* Combined Resources Br. at 10 (citing *A.Q.C.*, 656 F.3d at 144); Opposition Br., Dkt. 9 at 11 (same).

### A.   The Bankruptcy Court's Holding that Combined Resources Did Not Pursue Its Rights Diligently Was Not an Abuse of Discretion

Combined Resources first argues that the balance of equities favors tolling Rule 4007(c)'s statute of limitations because it has been pursuing its rights diligently and only filed the adversary complaint three weeks late due to a "common legal mistake." Combined Resources Br. at 8, 12. Specifically, Combined Resources contends that it believed that the filing deadline under Rule

4007(c) of the Bankruptcy Rules was sixty days after the date on which the 341 Meeting was held, rather than sixty days after the date on which it was first scheduled. *Id*. at 5, 12. A common legal mistake, or "excusable neglect," however, is insufficient to justify equitable tolling. *See Saab Cars*, 28 F.3d at 12 (stating that the principles of equitable tolling do not extend to what "is at best a garden variety claim of excusable neglect") (internal quotation marks and citations omitted). Judge Vyskocil correctly noted that "excusable neglect" is not listed in Bankruptcy Rule 9006(b)(3) as a reason a court may enlarge the time to act under Rule 4007(c). *See* Bankr. Op. at 11. Notably, Rule 9006(b)(3)'s predecessor, Bankruptcy Rule 906, did permit a showing of excusable neglect to extend the time to file a dischargeability of debt complaint. *Id*.; *see also In re Figueroa*, 33 B.R. 298, 300 (Bankr. S.D.N.Y. 1983). But when Congress amended the Bankruptcy Rules in 1983, it removed excusable neglect as a justification for extending the time to file an adversary complaint under Rule 4007(c). *See In re Figueroa*, 33 B.R. at 300.

Here, Combined Resources was explicitly put on notice that the deadline to object to Frankl's debt discharge was August 6, 2018. *See* Ch. 7 Dkt. 6. The Notice unambiguously stated in bold letters, "**Filing deadline: 8/6/18**," and neither stated nor implied that the deadline was contingent on the date on which the 341 Meeting was held. *Id*. Combined Resources's purported belief that the deadline ran from sixty days after the date on which the 341 Meeting was held— rather than the date on which it was first scheduled—is not supported by either the circulated Notice or by the plain language of Rule 4007(c). *See* Fed. Bankr. Rule 4007(c) ("a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the *first date set* for the meeting of creditors under § 341(a)") (emphasis added).

While the denial of equitable relief may seem like a harsh result where, as here, the party seeking equitable relief missed a filing deadline by a relatively short amount of time, courts have

noted that the denial of equitable tolling is nonetheless appropriate when it is sought in response to "largely a self-inflicted wound." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 13 (2d Cir. 1996) (internal quotation marks and citations omitted); *see also Webster v. Potter*, 746 F. Supp. 2d 635, 640 (S.D.N.Y. 2010) (holding that that equitable tolling did not apply to a ninety-day limitations period where employee's claims were filed three days late). Judge Vyskocil further noted that a strict reading of Bankruptcy Rule 4007(c)'s sixty-day deadline to file a complaint against dischargeability of debt is supported by the rule's policy objective of assuring that parties to a bankruptcy proceeding will know within a set period of days which debts are subject to an exception to discharge. Bankr. Op. at 8-9 (quoting *Neeley v. Murchison*, 815 F.2d 345, 346-47 (5th Cir. 1987); *see also In re Bressler*, 600 B.R. 739, 750 (Bankr. S.D.N.Y. 2019), *reconsideration denied*, No. 18-13098 (MG), 2019 WL 2382947 (Bankr. S.D.N.Y. June 4, 2019) (remarking that the underlying purposes of the Federal Bankruptcy Rules are to provide creditors and debtors with "[a] fresh start, prompt administration, finality and certainty of relief").

Moreover, while Rule 4007(c) provides an explicit mechanism by which a party may seek an extension to file a complaint "for cause," it mandates that any such extension request "shall" be filed before the sixty-day deadline has expired. *See* Fed. Bankr. R. 4007(c). Combined Resources made no such request for an extension, either before or after the expiration of the deadline. *See* Bankr. Op. 12 ("[H]ere, the Plaintiff simply ignored the statutory deadline and did not avail himself of either a stipulation or a motion to extend the deadline to object.").

For all these reasons, Judge Vyskocil did not abuse her discretion in determining that Combined Resources failed to pursue its rights diligently.

**B.      The Bankruptcy Court's Holding That There Were No Extraordinary Circumstances Warranting Equitable Tolling of the Statute of Limitations Was Not an Abuse of Discretion**

Finally, even if Combined Resources had shown that it pursued its rights diligently, the Bankruptcy Court did not abuse its discretion in holding that Combined Resources failed to establish that extraordinary circumstances prevented it from filing its complaint within the statute of limitations. As described by Judge Vyskocil, extraordinary circumstances may be present where a plaintiff was unaware of his or her cause of action due to fraudulent or misleading conduct by the defendant, or where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period. *Zerilli-Edelglass*, 333 F.3d 74 at 80; *see also* Bankr. Op. at 10 (citing *Young v. United States*, 535, U.S. 43, 50 (2002); *Koch v. Christie's Int'l PLC*, 699 F .3d 141, 157 (2d Cir. 2012)).

Combined Resources argues that an extraordinary circumstance prevented it from filing its adversary complaint in a timely fashion because Frankl "[took] undue advantage of his incarceration" to have the 341 Meeting adjourned from its noticed date. Combined Resources Br. at 12. But the suggestion that the adjournment of the 341 Meeting due to Frankl's incarceration somehow misled Combined Resources about the Objection Deadline date is implausible. It is by no fault of Frankl's that Combined Resources may have erroneously believed that Bankruptcy Rule 4007(c)'s sixty-day deadline to file an adversary complaint ran from the date on which the 341 Meeting was held as opposed to the date first set for the meeting. *See* Fed. Bankr. Rule 4007(c) ("a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the *first date set* for the meeting of creditors under § 341(a)" (emphasis added)).

Combined Resources never filed a complaint, defective or otherwise, during the statute of limitations period. It nonetheless suggests that equitable tolling is appropriate here because "there

is an incredibly short window to file the dischargeability of debt action." Combined Resources Br. at 12. Yet there is nothing extraordinary about this deadline, which applies to every adversary proceeding regarding the dischargeability of a debt under the plain terms of Bankruptcy Rule 4007(c). Accordingly, Judge Vyskocil rightly held that "[e]xtraordinary circumstances simply do not exist . . . where—as here—the plaintiff is aware of the deadline but fails to adhere to it or timely ask for an extension." Bankr. Op. at 10 (citation omitted). The Bankruptcy Court's denial of equitable tolling was thus not an abuse of discretion.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's decision is affirmed. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   August 6, 2020
         New York, New York

_____
Ronnie Abrams
United States District Judge