UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL CINTRON,

                Plaintiff,

v.

ERIC WESHNER,

                Defendant.

No. 18-CV-1619 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Rafael Cintron, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, asserting claims of false arrest, excessive force, and malicious prosecution against Defendant Eric Weshner, a detective in the New York City Police Department. The allegations stem from Plaintiff's May 28, 2014 arrest—while he was incarcerated under a separate indictment—for Possession of a Forged Instrument in the Second Degree. Those charges were subsequently dismissed by the Manhattan District Attorney's Office. Now before the Court is Defendant's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Finding that Plaintiff's claims of false arrest and excessive force are untimely and that his claim of malicious prosecution fails as a matter of law, the Court grants the motion.

## BACKGROUND

### I. Factual Background

    The following facts, taken from the Amended Complaint, Dkt. 6 ("Complaint"), are accepted as true for the purposes of this motion for judgment on the pleadings. *See, e.g., Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009). The Court also considers facts drawn from the indictment, which is

incorporated by reference into the Complaint. *See, e.g., ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

On or about April 15, 2013, Plaintiff was arrested for criminal possession of a controlled substance in the third degree. Compl. at 1. He was indicted on those charges eight days later. *Id.* On May 28, 2014, while detained at the Manhattan Detention Center on that indictment, Plaintiff was "rearrested on charges of conspiracy in the 2nd degree … and ... possession of a forged instrument in the 2nd degree." *Id.* According to Plaintiff, the "two officers … were very belligerent telling plaintiff if he did'nt shut up there was going to punch him in his mouth and accusing plaintiff of forging checks in the amount of 2000 dollers from J.P. Morgan Chase Bank." *Id.* at 7. Plaintiff was subsequently indicted on those forgery charges by way of Indictment Number 2313/14. *Id.* at 2. Those charges were dismissed on April 13, 2015, upon the recommendation of the Manhattan District Attorney's Office, which did not believe that it would be able to prove Plaintiff's guilt beyond a reasonable doubt. *See* Dkt. 56, Declaration of Nicholas L. Collins ("Collins Decl."), Ex. B. ("Dismissal"); Compl. at 7.

## II. Procedural Background

Plaintiff filed the initial complaint in this action on February 21, 2018, naming two John Doe police officers as defendants. Dkt. 1. On April 20, 2018, Chief Judge McMahon issued an order finding that "Plaintiff's false arrest claim arising from his May 28, 2014 arrest appears to be untimely" and granting "Plaintiff leave to file an amended complaint that pleads facts showing that equitable tolling applies." Dkt. 5 at 2-3. Plaintiff filed an amended complaint, the operative complaint in this action, on June 11, 2018. Dkt. 6. The Complaint names as defendants Detectives Melvin Mejia, Matthew Cerney, Michael Dye, and John Doe. On September 3, 2019, this Court granted the motion to dismiss brought by defendants Mejia and Cerney and dismissed *sua sponte* the claims against defendant Dye. Dkt. 42. That Order further directed the Clerk of Court to amend the official caption

to reflect the identity of the John Doe defendant as Eric Weshner. Weshner, who was served on November 1, 2019, Dkt. 46, answered the Complaint on January 21, 2020, and subsequently filed the instant motion for judgment on the pleadings, Dkt. 56. On November 4, 2020, Plaintiff informed the Court that a lack of legal help prevented him from submitting an opposition and asked that the Court take consideration of the Complaint as his opposition to the motion. Dkt. 63.

## STANDARD OF REVIEW

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Hogan v. Fischer*, 738 F.3d 509, 514–15 (2d Cir. 2013) (internal quotation marks omitted). To survive such a motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 514 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "Where, as here, the complaint was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan*, 738 F.3d at 515 (quoting *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id*.

## DISCUSSION

**I.    The Claims of False Arrest and Excessive Force Are Untimely**

Defendant argues that Plaintiff's claims of false arrest and excessive force, both of which stem from the May 24, 2014 arrest, are barred by the statute of limitations. The Court agrees.

The statute of limitations for actions brought under 42 U.S.C. § 1983 is the same as that for personal injury actions under the law of the state in which the court sits. *See, e.g., Hogan*, 738 F.3d at 517. In New York, the limitations period is three years. *See id.* (citing NY CPLR § 214(5)). The

date on which a § 1983 cause of action accrues is determined by federal law and the Second Circuit has ruled "'that accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Id.* at 518 (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)). Courts have accordingly held that a cause of action for false arrest "accrues at the time of detention." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006). It is similarly well-established that a claim of excessive force accrues on the date on which the force occurred. *See, e.g., Traore v. Police Off. Andrew Ali Shield*, No. 14 Civ. 8463 (ER), 2016 WL 316856, at *5 (S.D.N.Y. Jan. 26, 2016) (citing cases).

Applying these principles, the Court finds that Plaintiff's claims for false arrest and excessive force both accrued on May 28, 2014, the date on which Plaintiff was arrested and the arresting officers allegedly threatened to punch him in the mouth. *See* Compl. at 1,7. Considering the nature of the alleged violations, the Court has little doubt that Plaintiff knew of his injuries as of that date. Because Plaintiff did not file this action until February 21, 2018—well after the statute of limitations expired on May 28, 2017—these claims are time-barred unless the accrual date is subject to tolling.

Plaintiff asserts in the Complaint that the doctrine of equitable tolling should apply because his diligent pursuit of his rights was impeded by what he characterizes as the disability of imprisonment and the suffering of malicious prosecution. *See* Compl. at 9. The Court disagrees. The Second Circuit has advised that the doctrine of equitable tolling should be applied "only in rare and exceptional circumstances," where a court finds that "extraordinary circumstances prevented a party from timely performing a required act, and that the party acted with reasonable diligence throughout the period he [sought] to toll." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks omitted). "The term 'extraordinary' refers not to the uniqueness of a party's circumstance, but rather to the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole,* 648 F.3d 132, 137 (2d Cir. 2011). The Circuit has made it clear the

doctrine was generally intended for "a situation where a plaintiff could show that it would have been *impossible* for a reasonably prudent person to learn about his or her cause of action." *Pearl*, 296 F.3d at 80 (internal quotation marks omitted; emphasis in *Pearl*).

Under that standard, the mere fact of Plaintiff's incarceration does not rise to the level of an extraordinary circumstance. "Generally, the many challenges associated with life in prison do not, on their own, establish grounds for equitable tolling." *See United States v. Rudge,* No. 16-CR-311 (KMW), 2019 WL 4867828, at *2 (S.D.N.Y. Sept. 18, 2019) (citing cases). Other than his status as a prisoner, and the judicial process associated with his criminal convictions, Plaintiff alleges no specific circumstances that impeded him from filing suit before February 2018. Those claims, even when construed to raise the strongest possible arguments, are insufficient bases for equitable tolling under the caselaw. Finding equitable tolling to be inapplicable, the Court dismisses the claims of false arrest and malicious prosecution as time-barred.

## II. The Claim of Malicious Prosecution Fails as a Matter of Law

Defendant further argues that the malicious-prosecution claim must be dismissed because, among other reasons, Plaintiff fails to rebut the presumption of probable cause that was created by his indictment. The Court agrees that Plaintiff's claim fails as a matter of law.

To state a § 1983 claim for malicious prosecution against a state actor, a plaintiff must establish the elements of a malicious prosecution claim under the relevant state law. *See, e.g., Frost v. New York City Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020). Under New York law, such a claim requires a plaintiff to prove "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Id.* (internal quotation marks omitted). As lack of probable cause is an element of the tort,

5

"the existence of probable cause is a complete defense to a claim of malicious prosecution." *Stansbury v. Wertman*, 721 F.3d 84, 94–95 (2d Cir. 2013).

Moreover, "under New York law, indictment by a grand jury creates a presumption of probable cause that may *only* be rebutted by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 83 (1983)). In light of that principle, the Second Circuit "has routinely affirmed dismissals of malicious prosecution claims at the pleading stage where the plaintiff has failed to allege facts sufficient to rebut the presumption of probable cause flowing from a grand jury indictment." *Hadid v. City of New York*, 730 F. App'x 68, 71 n.1 (2d Cir. 2018) (summary order) (citing *Lewis v. City of New York et al.*, 591 F. App'x 21, 22 (2d Cir. 2015) (summary order), *Jennis v. Rood et al.*, 310 F. App'x 439, 441 (2d Cir. 2009) (summary order)).

Here, it is apparent from the Complaint that the challenged prosecution was undertaken pursuant to an indictment. The Complaint refers to that indictment by number, and to the fact that it was subsequently dismissed by prosecutors. *See* Compl. at 2. The presumption of probable cause is therefore apparent from the face of the Complaint. Plaintiff alleges no facts that cast doubt on the propriety of the grand jury's indictment, let alone ones that would allow the Court to reasonably infer that that decision was a product of fraud or some other misconduct. As Plaintiff alleges no facts that rebut the presumption of probable cause created by the indictment, his claim of malicious prosecution fails as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's amended complaint is granted. The Clerk of Court is respectfully directed to terminate item fifty-five (55) on the docket and close this case.

SO ORDERED.

Dated:   May 4, 2021
            New York, New York

———————————————————
Ronnie Abrams
United States District Judge